[L.A. No. 29682. In Bank. Mar. 16, 1970.]

MAXINE L. HERZOG et al., Plaintiffs and Appellants, v.
NATIONAL AMERICAN INSURANCE COMPANY et al., Defendants
and Respondents.

**COUNSEL**

Banyard & Portigal, Robert A. Banyard and Allan Portigal for Plaintiffs and Appellants.

Leonard Sacks and Walter H. Medak as Amici Curiae on behalf of Plaintiffs and Appellants.

Groff, Dunne & Shallcross, Bolton, Groff & Dunne and Russell E. Shallcross for Defendants and Respondents.

Edward L. Lascher, Wise, Kilpatrick & Clayton, R. J. Kilpatrick, Bledsoe, Smith, Cathcart, Johnson & Rogers and Robert A. Seligson as Amici Curiae on behalf of Defendants and Respondents.

**OPINION**

**SULLIVAN, J.**—Plaintiffs, the heirs at law of Kenneth Herzog, appeal from a judgment declaring that a certain homeowner's insurance policy issued by defendant National American Insurance Company to the father of Gerald Mason, the tortfeasor, did not cover their claim for wrongful death caused by young Mason's negligent operation of a motor vehicle.

On September 24, 1965, Gerald Mason, operating a motor bike which he had borrowed from a friend, collided with a car driven by Kenneth Herzog on the Anaheim Boulevard overpass of the Santa Ana Freeway. Both operators were killed.

On the date in question the owner of the motor bike, one Richard Packer, was the named insured in an owner's motor vehicle liability policy issued by Elite Insurance Company, with maximum coverage of $10,000 for one occurrence. On the same date Gerald Mason was an included insured under the comprehensive personal liability provisions of a homeowner's policy issued on January 6, 1965, by defendant National to his father, Robert Mason; the maximum coverage of this policy was $25,000 for one occurrence. Robert Mason, the father of Gerald, was also the named insured

in an owner's motor vehicle liability policy issued by Farmer's Insurance Group covering two automobiles owned by him.

The heirs of Kenneth Herzog, alleging that the fatal collision resulted from the negligence of Gerald Mason, brought an action for declaratory relief against defendant National seeking a declaration that the homeowner's policy provided coverage of the accident and that National was therefore obligated to pay any judgment for wrongful death up to the limits of its policy.

■ The personal liability provisions of the policy in question provide that National shall "pay on behalf of the Insured [which is defined elsewhere in the policy to include the named insured's minor dependents] all sums which the Insured shall become legally obligated to pay as damages because of bodily injury [which is defined to include death from bodily injury] or property damage, . . ." Expressly excluded from this coverage are damages resulting from "the ownership, maintenance, operation, use, loading or unloading of (1) automobiles [defined as a 'land motor vehicle'] or midget automobiles while away from the premises or the ways immediately adjoining, . . ."

The trial court held that the accident occurred "away from the premises [i.e., Mason's home in Anaheim] or the ways immediately adjoining," and that coverage was therefore not provided by the policy. Judgment was entered accordingly.

Plaintiffs contend that the subject policy, because it provides for coverage as to automobile-related accidents occurring on the premises of the insured and "the ways immediately adjoining" those premises, is a policy of automobile or motor vehicle liability insurance which, under the doctrine of *Wildman* v. *Government Employees' Ins. Co.* (1957) 48 Cal.2d 31 [307 P.2d 359], incorporates all statutory provisions applicable to such policies. Among such statutory provisions, so their argument runs, is that set forth in section 16451 of the Vehicle Code requiring coverage "within the continental limits of the United States." Therefore, they conclude, the provision of the subject policy purporting to limit automobile coverage to the premises of the insured and "the ways immediately adjoining" is void, full coverage within the continental limits of the United States automatically results, such coverage embraces Mason's accident on the freeway, and the judgment must be reversed.

Because we do not agree with the major premise of plaintiffs' argument, we need not address ourselves to its minor premise.[1]

---

[1] We therefore offer no present opinion as to the effect of certain 1963 amendments to the Vehicle and Insurance Codes. (Veh. Code, §§ 16057, 16450; Ins. Code, § 11580.1.) (See Comment, *The Pacific Case* (1967) 2 U.S.F. L.Rev. 120.)

■ In determining whether the policy here in question is an automobile or motor vehicle liability policy subject to the *Wildman* doctrine we take cognizance of "the intent and reasonable expectations of the parties in entering into the agreement." (*Atlantic Nat. Ins. Co.* v. *Armstrong* (1966) 65 Cal.2d 100, 112 [52 Cal.Rptr. 569, 416 P.2d 801]; see *Gray* v. *Zurich Ins. Co.* (1966) 65 Cal.2d 263, 269, fn. 5 [54 Cal.Rptr. 104, 419 P.2d 168] and accompanying text.) ■ Generally speaking, the personal liability provisions of a homeowner's policy bind the insurer to pay damages for which the insured shall become liable as a result of accidents in and around his home.[2] The automobile, which has become virtually a practical necessity in our mobile society, is customarily garaged or parked on the premises of the home or on adjoining streets. Quite apart from its general use away from the home, to the extent that it is used within the above circumscribed area it presents hazards closely associated with the home and manifestly encompassed by coverage for home-related accidents. To the extent that it is generally and normally used away from the home on streets and highways, it presents hazards not closely associated with the home, for which other insurance is customarily carried and is generally understood to afford coverage.[3]

■ The reasonable expectations of the insurer in a homeowner's policy —as additionally manifested in the type of information sought upon application for such a policy and the relatively small premiums charged— clearly do not contemplate coverage for automobile-related accidents which occur beyond this limited area. Nor do the reasonable expectations of the insured contemplate that his homeowner's policy will provide such extended automobile coverage; other insurance, with a premium commensurate to the increased risks, is available for that purpose, and, as in the case at bench, is customarily obtained by the homeowner.

■ From the foregoing it clearly appears that neither the intent of the parties nor their reasonable expectations contemplate that the personal liability provisions of a homeowner's policy should provide coverage for automobile accidents occurring away from the immediate vicinity of the home. Thus, any construction of the policy which would provide such extended coverage would be contrary to the intent and reasonable expectations of both insurer and insured.

Plaintiffs contend, however, that such a construction is required by our

---

[2] We recognize, of course, that the personal liability provisions of a homeowner's policy also provides coverage for certain accidents occurring away from the home. It is our intention here to give a general characterization reflecting the primary purpose of such a policy.

[3] It is clear, of course, that homeowner's and automobile or motor vehicle policies may in some circumstances provide overlapping coverage.

decision in *Pacific Employers Ins. Co.* v. *Maryland Casualty Co.* (1966) 65 Cal.2d 318 [54 Cal.Rptr. 385, 419 P.2d 641]. In that case we held that a general comprehensive liability policy issued to a supplier of forklifts, although expressly excluding coverage of motor vehicle accidents away from the premises of the insured and "ways immediately adjoining," nevertheless must be deemed to provide coverage for an accident arising out of the use of a leased forklift on the premises of the lessee. We there reasoned that the provision for coverage on the "ways immediately adjoining" the premises of the insured was sufficient to render the policy in question an automobile or motor vehicle liability policy which, under the doctrine of *Wildman* v. *Government Employees' Ins. Co., supra,* 48 Cal.2d 31, was required to provide coverage "within the continental limits of the United States" (Veh. Code, § 16451), and therefore that coverage of the subject accident was required.

Because the facts of the case at bench so markedly differ from those before us in *Pacific Employers,* we are not now called upon to reappraise the reasoning and result of that decision. Whatever present vitality *Pacific Employers* may have in realistically comparable factual contexts, we have concluded that it is not applicable to the case now under consideration. ■ The fact that a homeowner's policy provides coverage for automobile-related accidents on the "ways immediately adjoining" the insured premises does not transform that policy into an automobile or motor vehicle liability policy subject to the *Wildman* principle.[4]

It remains to apply the indicated territorial exclusion to the facts of the instant case. ■ While we agree that the phrase "ways immediately adjoining" is somewhat imprecise, we do not believe that it is so ambiguous as to defy reasonable construction in the context of a particular case. (See *Lendway* v. *Muse* (1964) 83 N.J. Super. 256 [199 A.2d 391]; *Pickens* v. *Maryland Casualty Co.* (1942) 141 Neb. 105 [2 N.W.2d 593]; Comment, *The Pacific Case, supra,* 2 U.S.F. L.Rev. 120, 134-135; cf. Annot. 23 A.L.R.3d 1230, 1238-1241.)[5] Such construction in the instant case leads

---

[4]The 1968 amendment to section 11580.1 of the Insurance Code, although inapplicable to the 1965 homeowner's policy before us, manifests legislative agreement with the conclusion here stated: "(g) Nothing in this section nor in Section 16057 or 16450 of the Vehicle Code shall be construed to constitute a homeowner's policy as an 'automobile liability policy' within the meaning of Section 16057 of said code nor as a 'motor vehicle liability policy' within the meaning of Section 16450 of said code, notwithstanding that such homeowner's policy may provide automobile or motor vehicle liability coverage on insured premises or the ways immediately adjoining. For the purposes of this section, 'homeowner's policy' means an insurance policy providing fire and other insurances covering either residence properties occupied by not more than four families and appurtenances, or the contents thereof other than merchandise, or both."

[5]We do not suggest any doubt as to the validity of the principle that doubts as to meaning must be resolved against the insurer. (See *Gray* v. *Zurich Ins. Co., supra,*

us to conclude without hesitation that the accident in question, which took place on the Santa Ana Freeway,[6] occurred "away from the premises [of the insured] or the ways immediatley adjoining, . . ." Thus, coverage of that accident is not provided by the policy.

 To the extent that it is inconsistent herewith, the case of *Pacific Employers Ins. Co.* v. *Maryland Casualty Co., supra,* 65 Cal.2d 318, is overruled.

The judgment is affirmed.

Tobriner, Acting C. J., McComb, J., Peters, J., Mosk, J., and Burke, J., concurred.

---

65 Cal.2d 263.) We do suggest that language which might be considered ambiguous as applied to some circumstancs is not necessarily ambiguous per se. "When a geographic area of use is specified, it may be necessary to construe the policy provision to determine when a use made by the insured comes within the policy provision. While ambiguities are to be construed in favor of the insured, the construction of the policy should not negate geographical limitations which were clearly intended." (12 Couch on Insurance 2d (1964), § 45.150; fns. omitted.)

[6]It was stated by counsel at oral argument that the site of the accident was three to five miles from the premises of the insured.