[Civ. No. 36341. Second Dist., Div. One. Oct. 30, 1970.]

FARMERS INSURANCE EXCHANGE, Plaintiff and Respondent, v. STEPHEN G. HANSEL, Defendant and Appellant.

COUNSEL

Richard M. Hawkins for Defendant and Appellant.

Paul A. Eisler as Amicus Curiae on behalf of Defendant and Appellant.

Early, Maslach, Foran & Williams and Harry Boyd for Plaintiff and Respondent.

OPINION

THOMPSON, J.—This is an appeal from a summary judgment declaring that the uninsured motorist clause in an automobile liability policy issued by respondent is inapplicable to an injury suffered by appellant. We affirm the judgment.

### Facts

The parties agree on the pertinent facts. Respondent issued its policy of automobile liability insurance to appellant. The policy included uninsured motorist coverage as provided in Insurance Code section 11580.2. While the policy was in force, appellant observed Johnny Stevens driving a vehicle which appeared to be equipped with "mag wheels" which had been stolen from appellant. Appellant followed the Stevens vehicle. Stevens stopped his car and alighted from it. Appellant also was afoot. An altercation ensued. Stevens broke a bottle on the bumper of his car. He then acted as if he were getting into the auto and started to open the door. Appellant approached the Stevens car. Stevens "let [appellant] have it with the bottle" from a point behind the door while Stevens held the door in his grasp. Appellant suffered injury from the blow for which he now claims compensation, pursuant to his uninsured motorist coverage, from respondent. The Stevens vehicle is uninsured.

Both appellant and respondent moved for summary judgment, appellant seeking a declaration that his injury is compensable by the uninsured motorist clause of his policy and respondent seeking a declaration that it is not. The trial court granted the summary judgment for respondent from which this appeal was perfected.

### Issues on Appeal

Appellant contends that the trial court erred in not granting summary judgment in his favor. He argues that the injury is within the literal meaning of Insurance Code section 11580.2. Citing the familiar "loading and unloading" cases, he argues also that the injury occurred out of the use of an uninsured vehicle.

## Uninsured Motorist Coverage

Insurance Code section 11580.2 states in pertinent part: "No policy of . . . insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be issued . . . in this state . . . unless the policy contains . . . a provision with coverage limits at least equal to the financial responsibility requirements specified in Section 16059 of the Vehicle Code insuring the insured, his heirs or his legal representative for all sums within such limits which he or they, . . . shall be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle. . . ."

Appellant argues that he suffered bodily injury at the hands of a person who was the owner and operator of an uninsured vehicle. He contends, therefore, that Insurance Code section 11580.2 entitles him to compensation for that injury from his insurance carrier irrespective of any lack of connection between the injury suffered by him and the use of an automobile by the uninsured motorist.

Appellant's argument must be rejected. ■ Section 11580.2 must be interpreted in the light of its legislative purpose. That purpose is "to minimize losses to the people of California who are involved in accidents with uninsured or financially irresponsible motorists, . . ." (*Mission Ins. Co.* v. *Brown,* 63 Cal.2d 508, 510 [47 Cal.Rptr. 363, 407 P.2d 275]) and to afford "insurance against damage to the insured by a noninsured vehicle." (*Vice* v. *Automobile Club of So. Cal.,* 241 Cal.App.2d 759, 763 [50 Cal.Rptr. 837]; see also, 20 Assembly Interim Com. Rep. No. 6, Judiciary (1957-1958) and Vol. 3 of the Appendix to the Journal of Assem., Regular Sess. 1959.) ■ The pertinent section of the Insurance Code serves the purpose for which it was enacted only if its scope is limited to that of requiring reimbursement to the insured by his own carrier of the type of loss which would have been covered by an automobile liability policy had the uninsured motorist been in fact insured.[1]

The construction of Insurance Code section 11580.2 which we here adopt is dictated also by the California statutory scheme of automobile liability insurance. ■ This state has adopted the theory that automobile liability insurance runs primarily to the insured vehicle rather than to an individual insured. (See Ins. Code, § 11580.1, subd. (b), (c), (d), and (e).) Section 11580.2 itself provides: "The insurer and any named insured, . . . may, by agreement in writing, delete the provision covering damage by an uninsured motor vehicle." So long as automobile liability insurance

---

[1]We express no opinion whether an automobile liability insurance policy covers liability for an assault committed by using the vehicle as a weapon.

primarily insures a vehicle, a substitute for that insurance in the form of uninsured motorist coverage must also be construed as primarily insuring a vehicle and not an individual against claims of liability. That construction requires that we reject appellant's contention that uninsured motorist coverage is a substitute for general (and not merely automobile) liability coverage of persons (not automobiles) who, by happenstance, are uninsured.

▮ Our construction of Insurance Code section 11580.2 also requires that we reject appellant's alternative contention. Appellant argues that because his injury was caused by a person who had been driving an uninsured vehicle and who used a bottle deliberately broken on the automobile from a position behind the vehicle's door the injury arose out of "the use of an uninsured vehicle." Granting the validity of appellant's reasoning that, in a sense, the uninsured automobile was "used" by Stevens when he stabbed appellant with the broken bottle, we nevertheless must reject appellant's conclusion that the use was within the category covered by an automobile liability policy. ▮ Vehicle liability policies must be interpreted with regard to "the intent and reasonable expectation of the parties." (*Atlantic Nat. Ins. Co.* v. *Armstrong,* 65 Cal.2d 100, 112 [52 Cal.Rptr. 569, 416 P.2d 801]; *Herzog* v. *National American Ins. Co.,* 2 Cal.3d 192, 197 [84 Cal.Rptr. 705, 465 P.2d 841].) ▮ Injury arising out of the use of an automobile as an instrument to create a weapon in the form of a broken bottle and as a shield for an assault with that weapon is not the form of loss for which the automobile liability policy may reasonably be expected to provide indemnity.

The judgment is affirmed.

Wood, P. J., and Gustafson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 23, 1970.