[Civ. No. 22544. Fourth Dist., Div. One. Mar. 16, 1981.]

INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, Plaintiff and Respondent, v. MERNA MACIAS, Defendant and Appellant.

**COUNSEL**

Davies, Barwick & Knowlton and Donald M. de Camara for Defendant and Appellant.

Higgs, Fletcher & Mack and Gregg C. Sindici for Plaintiff and Respondent.

**OPINION**

**WORK, J.**—Merna Macias was injured when struck by an automobile driven by a drunk driver, Thomas McDonald, while driving his own

uninsured car. In addition to Thomas, Macias sued his father, M. A. McDonald (M.A.) alleging·it was he who negligently furnished excessive amounts of alcoholic beverages to Thomas even after he was aware his adult son was drunk. In spite of this awareness M.A. allegedly used his car to transport Thomas to the son's car knowing he would then drive it on a public roadway although physically incapable of doing so safely. Interinsurance Exchange of the Automobile Club of Southern California (Insurer) covered M.A. for injuries "arising out of the . . . use" of his owned vehicle.

■ Macias claims the "use" of M.A.'s auto to transport a known intoxicated person to another car for the purpose of allowing said person to drive the same sufficiently establishes a causal connection to allow recovery for her injuries under the transporting car's policy.

While M.A. may have joint responsibility for the injuries caused by Thomas under general negligence principles based on the stated facts, his automobile insurer does not.

Although we are cited to no cases, here or elsewhere, where similar fact situations support coverage, the argument in favor of coverage is straightforward: *but for* M.A.'s negligence in transporting his adult son to the son's car the accident would not have occurred. However, the use of motor vehicles is so integral to the American lifestyle we would be hard pressed to point to any occurrence not at least tangentially related to vehicular "use." For instance, food poisoning suffered by an imbiber in New York may be caused by spoiled produce originating in California and transported by truck to the grocer who sold it to the victim. Even if we assume the truck driver was aware of the defects, and that it would be marketed for human consumption, the "use" of the vehicle for transportation is not causally related to the injury.

Macias primarily relies on two cases extending auto liability coverage to other than ordinary uses. *State Farm Mut. Auto. Ins. Co.* v. *Partridge* (1973) 10 Cal.3d 94 [109 Cal.Rptr. 811, 514 P.2d 123], in dictum at page 100, refers to potential coverage where there is some minimal causal connection even though less than legal proximate cause. Since the Supreme Court found the unsafe driving of the insured car proximately caused the injury by causing a firearm to discharge it is of no factual help to Macias. Nor is *National American Ins. Co.* v. *Insurance Co. of North America* (1977) 74 Cal.App.3d 565 [140 Cal.Rptr. 828], where an egg thrown from the moving insured vehicle struck and

injured the victim. The court found the car was being driven for the purpose of transporting the egg throwers and as a "launching" pad for the eggs; the speed contributed to the propulsion. Thus, the insured vehicle was directly involved in the activity causing the injury and contributed to its severity.

However, here, as in *Truck Ins. Exch.* v. *Webb* (1967) 256 Cal.App. 2d 140 [63 Cal.Rptr. 791], the injuries were caused by an act independent of and remote from the insured vehicle's use. Truck Insurance covered a vehicle used to transport cardboard boxes for the purpose of piling them on the ground and setting them afire. In so doing the driver negligently burned nearby buildings. Citing cases in other jurisdictions the court denied coverage because the actual use of the insured vehicle had terminated and it was the independent act of negligent burning which caused the damage, the use of the truck being neither a "predominating cause" nor a "substantial factor" in the injury. (*Id.*, at p. 148.)

■ The scope of coverage of a vehicle liability policy is to be construed with regard to the intent and reasonable expectations of the insured. (*Herzog* v. *National American Ins. Co.* (1970) 2 Cal.3d 192, 197 [84 Cal.Rptr. 705, 465 P.2d 841]; *Atlantic Nat. Ins. Co.* v. *Armstrong* (1966) 65 Cal.2d 100, 112 [52 Cal.Rptr. 569, 416 P.2d 801].) Thus "use" of an automobile to break a bottle upon to fashion a weapon, and as a shield was held not to be a contemplated "use" even though the car passively was involved in the chain of events leading to the victim's injuries. (*Farmer's Ins. Exchange* v. *Hansel* (1970) 12 Cal.App.3d 570 [90 Cal.Rptr. 654].)

■ Here transportation of passengers, drunk or sober, is an intended, normal and expected "use" of a car. However, when Thomas left M.A.'s vehicle, got into his own and then committed some negligent act of driving causing Macias' injuries, his independent acts broke the "causal" link between the "use" of the insured vehicle and Macias' injuries. In this holding we also find support from other jurisdictions where the mere transportation of a tortfeasor to a site where he commits a tort after departing from the uninsured vehicle was held not to establish the requisite causal relationship. (*Holm* v. *Mutual Service Cas. Ins. Co.* (Minn. 1977) 261 N.W.2d 598;[1] *National Mut.*

---

[1]An insured vehicle struck a motorcycle causing property damage. Then the insured driver left his car and proceeded to beat up the victim.

*Casualty Co.* v. *Clark* (Miss. 1942) 7 So.2d 800; *Commercial Union Insurance Co. of New York* v. *Hall* (E.D.S.C. 1965) 246 F.Supp. 64.)

An automobile liability policy is not one of general liability coverage. Macias would have us transform the policy here into one by affording a coverage which neither M.A. nor Insurer could reasonably have contemplated. (See *Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 274 [54 Cal.Rptr. 104, 419 P.2d 168]; *Truck Ins. Exch.* v. *Webb, supra,* 256 Cal.App.2d 140, 145; *Aetna Casualty & Surety Company* v. *Safeco Ins. Co.* (1980) 103 Cal.App.3d 694, 697-698 [163 Cal.Rptr. 219].

Judgment affirmed.

Brown (Gerald), P. J., and Staniforth, J., concurred.