NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ATAIN SPECIALTY INSURANCE
COMPANY,

Plaintiff-Appellee,

v.

DIGNITY HOUSING WEST, INC., a
California nonprofit corporation,

Defendant-Appellant.

No.    21-15127

D.C. No. 3:19-cv-07296-LB

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Argued and Submitted November 18, 2021
San Francisco, California

Before:  SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

Dignity Housing West is a California nonprofit corporation that provides

low-income housing. Describing itself as a housing developer and listing its only

premises as 200 square feet of office space, it applied for and received a

commercial general liability insurance policy from Atain Specialty Insurance.

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Though the application asked whether Dignity conducted any "lodging operations including apartments," Dignity did not disclose the three apartment buildings it owned or maintained.

After a deadly fire broke out at Dignity's apartment building on San Pablo Avenue in Oakland, Dignity was named in several lawsuits by former tenants. Atain initially tendered defense to Dignity in those actions, but it subsequently withdrew. Invoking the district court's jurisdiction under 28 U.S.C. § 1332, Atain filed a complaint seeking a declaration that the policy did not cover the San Pablo building. The district court granted summary judgment in Atain's favor, concluding that the policy did not cover the apartment building and that even if it did, omissions in Dignity's application entitled Atain to rescind the policy. Dignity appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because we agree with the district court's interpretation of the scope of the policy, we do not consider whether Atain was entitled to rescission.

1.      On Dignity's insurance application, it disclosed only 200 square feet of office space and represented it was a tenant. The Commercial General Liability Supplemental Declarations page of the policy lists that space as the only premises that Dignity owns, rents, or occupies. In a deposition, however, a Dignity officer stated that Dignity actually owned the building where the office was located. Information in policy declarations controls the scope of insurance coverage, so if

2

the declarations indicate that the policy does not provide coverage, "no further review of the policy is necessary." *Fidelity & Deposit Co. v. Charter Oak Fire Ins. Co.*, 78 Cal. Rptr. 2d 429, 432 (Cal. Ct. App. 1998). Because nothing in the Declaration supports the view that the policy applied to any of Dignity's three undisclosed apartment buildings, the policy did not cover the San Pablo building.

The premium Dignity paid further supports the conclusion that coverage is limited to its office. Dignity paid $360 to receive commercial general liability coverage for a year. A $360 yearly premium could not reasonably be expected to pay for general liability insurance for dozens of apartments in three separate buildings. *See Herzog v. National Am. Ins. Co.*, 465 P.2d 841, 843 (Cal. 1970) (noting that the parties' "reasonable expectations" suggested by "relatively small premiums" did not contemplate extended coverage).

2.      Dignity also argues that Atain acted in bad faith when it refused to accept the tort plaintiffs' settlement offer. But if there is no potential for coverage, "there can be no action for breach of the implied covenant of good faith and fair dealing." *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 639 (Cal. 1995). Because the policy did not cover the San Pablo building, Atain did not act in bad faith when it did not accept the settlement offer.

**AFFIRMED.**

3