[L.A. No. 29690. In Bank. Mar. 16, 1970.]

ETHEL M. HUGGINS, as Administratrix, etc., Plaintiff,
Cross-defendant and Appellant, v.
BEN YOSHIWARA, Defendant, Cross-complainant and Respondent;
TRAVELERS INDEMNITY COMPANY, Cross-complainant
and Respondent.

## COUNSEL

Heily & Blase and Leonard Sacks for Plaintiff, Cross-defendant and Appellant.

Barnes, Benton, Orr, Duval & Buckingham, Edwin Duval and Cyril Viadro for Defendant, Cross-complainant and Respondent and for Cross-complainant and Respondent.

Edward L. Lascher, Bledsoe, Smith, Cathcart, Johnson & Rogers and Robert A. Seligson as Amici Curiae on behalf of Defendant, Cross-complainant and Respondent and for Cross-complainant and Respondent.

## OPINION

**SULLIVAN, J.**—Plaintiff and cross-defendant Ethel M. Huggins, administratrix of the estate of Argust D. Huggins, deceased, appeals from a judgment declaring that a certain homeowner's insurance policy issued by cross-complainant, The Travelers Indemnity Company, did not cover her claim for the wrongful death of said deceased due to the negligent operation of a motor vehicle.

On April 4, 1966, defendant and cross-complainant, Yoshiwara, driving his 1963 Ford pickup truck, collided with a car in which Argust D. Huggins, the deceased, was riding. The accident occurred at an intersection near Oxnard. Huggins was killed.

On the date of the accident Yoshiwara had two policies of insurance issued by cross-complainant The Travelers Indemnity Company (Travelers). One was the common form of automobile liability policy with maximum limits of $50,000 for bodily injury or death and $1,000 for property damage. The other was a homeowner's policy, issued on July 26, 1965, with maximum limits of $25,000 for one occurrence; the insured premises under this policy was Yoshiwara's home in Los Angeles.

Huggins' wife, in her capacity as administratrix of his estate, brought an action for wrongful death against Yoshiwara. Mrs. Huggins, Yoshiwara, and Travelers thereafter entered into a stipulation[1] providing for a determination by the court below of the rights and duties of the parties in respect to the homeowner's policy issued by Travelers to Yoshiwara and of the applicability of said policy to the accident in which Mr. Huggins met his death.

The homeowner's policy in question provided that "The Travelers agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury [which is defined to include death from bodily injury] or property damage, . . ." That section of the policy providing this coverage was expressly

---

[1] The parties stipulated as follows: that Yoshiwara would pay Mrs. Huggins $50,550 representing the maximum limit of the automobile liability policy as to bodily injury ($50,000) and property damage and loss of use ($550); that Yoshiwara and Travelers would be deemed to have filed a cross-complaint in the wrongful death action seeking a declaration of their rights and allegations in respect to the homeowner's policy, there being a dispute among the parties as to its application to the accident involved; that if it were determined by final judgment as to such cross-complaint that the homeowner's policy *was* applicable to Yoshiwara's liabilities the maximum limit of that policy ($25,000) should be paid to Mrs. Huggins; and that if, on the contrary, it were determined that such policy *was not* applicable the payment of the aforementioned sum of $50,550 should constitute full and complete satisfaction of all liability on the part of Yoshiwara or Travelers.

declared inapplicable to "the ownership, maintenance, operation, use, loading or unloading of (1) automobiles or midget automobiles while away from the premises or the ways immediately adjoining, . . ."

The trial court determined that "[t]he accident in question did not occur on the premises or ways immediately adjoining," and that coverage was not provided by the homeowner's policy. It further held that the indicated territorial limitation of coverage was valid. Judgment was entered accordingly.

Here, as in *Herzog* v. *National American Ins. Co., ante,* p. 192 [84 Cal.Rptr. 705, 465 P.2d 841], it is contended that the subject homeowner's policy, because it provides for coverage as to automobile-related accidents occurring on the premises of the insured and "the ways immediately adjoining" those premises, is a policy of automobile or motor vehicle liability insurance which, under the doctrine of *Wildman* v. *Government Employees' Ins. Co.* (1957) 48 Cal.2d 31 [307 P.2d 359], incorporates all statutory provisions applicable to such policies—including the requirement of section 16451 of the Vehicle Code that such policies provide coverage "within the continental limits of the United States." Such a construction of the policy, it is contended, is required by our decision in *Pacific Employers Ins. Co.* v. *Maryland Casualty Co.* (1966) 65 Cal.2d 318 [54 Cal. Rptr. 385, 419 P.2d 641]. Accordingly, Mrs. Huggins concludes, the policy's attempt to limit coverage for automobile-related accidents to those accidents occurring on the premises of the insured and "the ways immediately adjoining" such premises is void, full coverage within the continental limits of the United States automatically results, such coverage embraces the accident near Oxnard in which Mr. Huggins was killed, and the judgment must be reversed.

We have held today in the *Herzog* case that a homeowner's policy which merely provides coverage for automobile-related accidents on the premises of the insured and "the ways immediately adjoining" those premises does not thereby become an automobile or motor vehicle liability policy subject to the *Wildman* doctrine; that the *Pacific Employers* case does not compel a contrary result; that the phrase "ways immediately adjoining" is not so ambiguous as to defy reasonable construction in the context of a particular case; and that such construction in the context of *Herzog* required the conclusion that an automobile accident occurring on a freeway several miles from the premises of the insured was not covered by the homeowner's policy there in question.

The application of these principles to the case at bench, and the reasonable construction of the phrase "ways immediately adjoining" in light of the facts here before us, lead us to conclude that the homeowner's policy

in question did not provide coverage of the accident near Oxnard in which Mr. Huggins was killed.

The judgment is affirmed.

Tobriner, Acting C.J., McComb, J., Peters, J., Mosk, J., and Burke, J., concurred.