[Civ. No. 29911. First Dist., Div. Two. Feb. 21, 1973.]

LOS ANGELES INSURANCE COMPANY et al.,
Plaintiffs and Appellants, v.
FIREMAN'S INSURANCE COMPANY OF NEWARK,
NEW JERSEY, Defendant and Respondent.

## COUNSEL

Walter M. Sharman for Plaintiffs and Appellants.

Carroll, Burdick & McDonough for Defendant and Respondent.

## OPINION

**TAYLOR, P. J.**—Clifford Bradford, Bertha Bradford, their minor son Lorenzo, and Los Angeles Insurance Company (hereafter Los Angeles), their automobile liability insurer, appeal from a judgment of dismissal[1] entered after the trial court granted the motion for a summary judgment made by Fireman's Insurance Company of Newark, New Jersey (hereafter Fireman's), the homeowners' liability insurer. The declaratory relief action commenced by Los Angeles and Bradford sought a declaration that the Fireman's policy covered the Bradfords' liability for personal injuries sus-

---

[1]Los Angeles and the Bradfords filed their original notice of appeal from the summary judgment granted on March 30, 1971. Thereafter, the court entered an order of dismissal and judgment, and Los Angeles and Bradford filed an amended notice of appeal.

tained by a third party in an automobile accident involving Lorenzo's negligent operation of a motor vehicle.

Appellants contend that: 1) unlike the policies in *Herzog* v. *National American Ins. Co.,* 2 Cal.3d 192 [84 Cal.Rptr. 705, 465 P.2d 841], and *Huggins* v. *Yoshiwara,* 2 Cal.3d 200 [84 Cal.Rptr. 709, 465 P.2d 845], which excluded liability arising from the use of an automobile while away from the premises, the Fireman's policy here was an automobile liability policy that included coverage for an automobile away from the premises and therefore Fireman's was required to provide coverage for the accident under *Wildman* v. *Government Employees' Ins. Co.,* 48 Cal.2d 31, 39-40 [307 P.2d 359], as well as Vehicle Code sections 17707 and 17708. We do not agree.

The facts as revealed by Fireman's unopposed affidavits supporting its second motion for a summary judgment[2] must be taken as true (*Seltzer* v. *Seltzer,* 276 Cal.App.2d 137 [80 Cal.Rptr. 688]). On or before November 19, 1965, Fireman's issued to the Bradfords a homeowners' policy for the family home at 9618 Burr Street in Oakland. The pertinent exclusion of the Fireman's policy stated that the policy did not apply "(b) under Personal Liability and Medical Payments, to the ownership, maintenance, operation, use, loading or unloading of (1) automobiles or midget automobiles while away from the premises or the ways immediately adjoining, *except under Personal Liability with respect to operations by independent contractors for nonbusiness purposes of an Insured not involving automobiles owned or hired by the Insured . . .*"[3] (Italics added.)

On November 19, 1967, Lorenzo was involved in an automobile accident at the intersection of 90th Avenue and B Street in Oakland. The scene of the accident was about 1.7 miles from the Bradford home at Burr Street and about 20 miles from the Briscoe residence in San Francisco. Lorenzo permanently resided in the family home and also spent time at the home of his in-laws, the Briscoes, at 20 Hilltop Road, San Francisco. As to the

---

[2]The record indicates that the declaratory relief action here was filed before the decisions in *Herzog* and *Huggins, supra.* Fireman's first motion for summary judgment, based upon these cases, was opposed by Los Angeles and Bradford with declarations raising four potential factual issues that were subsequently eliminated by Bradfords' answer to Fireman's interrogatories. Thereafter, Fireman's noticed a second motion for a summary judgment supported by affidavits and setting forth its legal arguments pertaining to the Vehicle Code sections. The Bradfords and Los Angeles filed a memorandum of points and authorities but no declaration or affidavits in opposition to Fireman's second motion for a summary judgment, and the matter was thereafter submitted after oral argument, and granted on March 30, 1971.

[3]Up to the italicized portion, the exclusion is identical to that of *Herzog* and *Huggins.*

Bradfords, he was not an independent contractor operating a nonowned automobile for nonbusiness purposes. The automobile driven by Lorenzo at the time of the accident was owned by the Briscoes and insured by Key Insurance Exchange, a defendant in the declaratory relief action but not involved in this appeal.

As indicated above, Bradford and Los Angeles argue that the rule of *Herzog* and *Huggins, supra,* does not apply here as Fireman's policy provided coverage on accidents occurring away from the premises, namely, "operations by independent contractors for nonbusiness purposes of an Insured not involving automobiles owned or hired by the Insured," as set forth in provision (b), quoted above. They contend that the Fireman's policy is, therefore, an automobile policy. In making this assertion, Los Angeles and Bradford rely on *Wildman* v. *Government Employees' Ins. Co., supra,* and the later cases applying its rule, which held automobile insurance policies issued in this state must comply with the coverage requirements contained in the motor vehicle financial responsibility laws, and that any policy provisions which attempt to limit such required coverage are against public policy.

This contention is entirely without merit. As our Supreme Court explained in *Herzog, supra,* at page 197: "In determining whether the policy here in question is an automobile or motor vehicle liability policy subject to the *Wildman* doctrine we take cognizance of 'the intent and reasonable expectations of the parties in entering into the agreement.' [Citations.] Generally speaking, the personal liability provisions of a homeowner's policy bind the insurer to pay damages for which the insured shall become liable as a result of accidents in and around his home. The automobile, which has become virtually a practical necessity in our mobile society, is customarily garaged or parked on the premises of the home or on adjoining streets. Quite apart from its general use away from the home, to the extent that it is used within the above circumscribed area it presents hazards closely associated with the home and manifestly encompassed by coverage for home-related accidents. To the extent that it is generally and normally used away from the home on streets and highways, it presents hazards not closely associated with the home, for which other insurance is customarily carried and is generally understood to afford coverage.

"The reasonable expectations of the insurer in a homeowner's policy—as additionally manifested in the type of information sought upon application for such a policy and the relatively small premiums charged—clearly do not contemplate coverage for automobile-related accidents which occur beyond this limited area. Nor do the reasonable expectations of the insured

contemplate that his homeowner's policy will provide such extended automobile coverage; other insurance, with a premium commensurate to the increased risks, is available for that purpose, and, as in the case at bench, is customarily obtained by the homeowner.

"From the foregoing it clearly appears that neither the intent of the parties nor their reasonable expectations contemplate that the personal liability provisions of a homeowner's policy should provide coverage for automobile accidents occurring away from the immediate vicinity of the home. Thus, any construction of the policy which would provide such extended coverage would be contrary to the intent and reasonable expectations of both insurer and insured."

Thus, the significant fact is not whether the policy exclusion here is *identical* to that of the policies involved in the *Herzog* case but the characterization of the policy issued by Fireman's here as a homeowner's policy. In *State Farm Mut. Auto. Ins. Co.* v. *Allstate Ins. Co.,* 9 Cal.App.3d 508 [88 Cal.Rptr. 246], *Herzog* was applied to two homeowners' policies under which automobile liability coverage was sought. The court stated, at page 517, that all that was required were coverage provisions approximating those considered in *Herzog* and *Huggins* and then, following the holding of those cases, to take cognizance of the parties' expectations and intent as deduced from the clauses of the policy. The identical reasoning applies here. Lorenzo was not an independent contractor operating the vehicle for non-business purposes within the exclusion quoted. The accident occurred 1.7 miles (25 city blocks) from the Bradford home. A fair interpretation of the Fireman's policy impels the conclusion that the accident was not covered.

■ Los Angeles and Bradford next contend that, in any event, the accident was covered by the Fireman's policy because of the vicarious statutory[4] liability imposed on the senior Bradfords as signers of Lorenzo's application for a driver's license (Veh. Code, § 17707) and their implied permission (Veh. Code, § 17708). They argue that since the courts of this state have held that the liability imposed by Vehicle Code section 17707 is not within the coverage of an automobile policy (*Allstate Ins. Co.* v. *Chinn,* 271 Cal. App.2d 274 [76 Cal.Rptr. 264]; *Martinez* v. *Allstate Ins. Co.,* 261 Cal.App. 2d 754 [68 Cal.Rptr. 278]; *Wisdom* v. *Eagle Star Ins. Co.,* 211 Cal.App.2d 602 [27 Cal.Rptr. 577]), it must be covered by a homeowners' policy as a matter of public policy. The vicarious imputed liability imposed by Vehicle

---

[4]The statutory liability of the signing parent or guardian is independent of the general liability of a parent or guardian for the torts of a minor child and rests on the assumption of responsibility during minority (*Easterly* v. *Cook,* 140 Cal.App. 115 [35 P.2d 164]).

Code sections 17707 and 17708 is contingent on the underlying negligent act of the minor driver, and arises out of the ownership, maintenance or use of the automobile and not from the act of signing. The automobile driven by Lorenzo here was not owned by the Bradfords. We hold that since reasonable expectations of the parties to an automobile insurance contract do not include coverage for the vicarious liability imposed by Vehicle Code sections 17707 and 17708, likewise, this coverage does not fall within the reasonable expectations of the parties to a homeowners' policy.

Affirmed.

Kane, J., and Rouse, J., concurred.