274 So.2d 552 (1973)
William Alfred LAMOS, Appellant,
v.
CONSOLIDATED MUTUAL INSURANCE COMPANY, Appellee.
No. 72-869.
District Court of Appeal of Florida, Third District.
March 6, 1973.
Rehearing Denied April 4, 1973.
Horton, Schwartz & Perse, Welsh & Carroll, Miami, for appellant.
Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The appellant brought an action seeking to recover against the defendant under his homeowner's policy, for an automobile accident which occurred off the premises. The automobile in question was owned by *553 the homeowner and being driven by his son.
The trial court granted a summary judgment in favor of the defendant, Consolidated Mutual Insurance Company, because of the provision in the policy that contained the following exclusion:
* * * * * *
"Section II of this Policy Does not Apply:
* * * * * *
"(b) under Coverages E and F, to the ownership, maintenance, operation, use, loading or unloading of (1) automobiles or midget automobiles while away from the premises or the ways immediately adjoining, * * *"
* * * * * *
This appeal ensued.
The appellant contends that notwithstanding this exclusion the homeowner should be liable under the policy because of his execution of an application for his minor son to obtain an operator's permit to drive a motor vehicle, pursuant to § 322.09, Fla. Stat.[1] F.S.A. We affirm.
We find the exclusion to be valid in the homeowner's policy and, under the state of the record, the trial judge was correct in his ruling. Morari v. Atlantic Mutual Fire Insurance Company, 105 Ariz. 573, 468 P.2d 564; Herzog v. National American Insurance Company, 2 Cal.3d 192, 84 Cal. Rptr. 705, 465 P.2d 841; Huggins v. Yoshiwara, 2 Cal.3d 200, 84 Cal. Rptr. 709, 465 P.2d 845; La Bonte v. Federal Mutual Insurance Company, 159 Conn. 252, 268 A.2d 663; Lang v. General Insurance Company of America, 268 Minn. 36, 127 N.W.2d 541.
Affirmed.
NOTES
[1] Which provides in part, as follows:

* * *
"(3) Any negligence or willful misconduct of a minor under the age of eighteen years when driving a motor vehicle upon a highway shall be imputed to the person or head of a family who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct."