395 So.2d 1221 (1981)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Edward CARONIA, Jr., Edward Caronia, Sr., and Indiana Insurance Company, Appellees.
Edward CARONIA, Jr., Edward Caronia, Sr., and Indiana Insurance Company, Appellants,
v.
TRAVELERS INSURANCE COMPANY, Appellee.
Nos. 79-1994, 79-2261 and 79-2241.
District Court of Appeal of Florida, Third District.
March 24, 1981.
*1222 Weissenborn & Burr, Miami, for Allstate Ins. Co.
Alboum & Furlong and Estelle Furlong, Miami Beach, for Caronias.
Ponzoli & Wassenberg, Miami, for Indiana Ins. Co.
High, Stack, Lazenby, Bender Palahach & Lacasa and R. Scott Boundy, Miami, for Travelers Ins. Co.
Before BARKDULL, SCHWARTZ and DANIEL S. PEARSON, JJ.
BARKDULL, Judge.
Subsequent to our opinion, reported in Indiana Insurance Company v. Collins, 359 So.2d 916 (Fla. 3d DCA 1978), this matter reoccurred in the trial court.[1]
After Indiana had settled the claim of the Collins' and became subordinated to their rights, it ultimately filed a second amended third-party complaint seeking relief against the Caronias (Junior and Senior); Foster (the owner of the motorcycle which was being operated by Caronia, Jr. when the minor Collins, plaintiff in the original action, was injured); against Caronia, Jr. (as the driver); Caronia, Sr. (as the driver's father, pursuant to an authorization to secure a motor vehicle license executed pursuant to Section 322.09 Florida Statutes (1975), Caronia, Jr. being under 16 years of age at the time of the issuance of this license, it was restricted as to the operation of a motorcycle);[2] against Travelers (the auto insurance carrier for Coronia, Sr.); against Allstate (insurance carrier for Caronia, Sr. on his home); against Fuchs Bakery (as the owner of the other vehicle in the accident); against Liberty Mutual (Fuchs' automobile insurance carrier); and Alton Ansley (Fuchs' driver). Cross-claims were filed by the Caronias against Travelers and Allstate.
Thereafter, the matter came on to be heard before the trial court on motions for summary judgment filed by Indiana, Travelers, Allstate, and the Caronias.
The trial court granted Caronias' motion for summary judgment against Allstate, finding coverage under its homeowners policy. It granted Travelers' motion for summary judgment, finding no coverage under its policy. It denied Caronias' motion for summary judgment as against Travelers and against Indiana. It denied Indiana's motion for summary judgment against Travelers, Allstate, and the Caronias. Thereafter, Indiana appealed the order denying its motion for summary judgment.[3] The Caronias appealed the order denying their motion for summary judgment against Travelers,[4] and Allstate appealed the summary judgment finding coverage in favor of the Caronias. These appeals were *1223 consolidated, briefed and oral argument was held thereon. After oral argument, this court, on November 17, 1980, relinquished jurisdiction to the trial court for thirty days to enter a nunc pro tunc order granting a final summary judgment. The Caronias and Indiana failed to comply with this order and, on January 13, 1981, this court entered its order dismissing their appeals in Cases Nos. 79-2241 and 79-2261 for failure to comply with this court's order of November 17, 1980.
On Allstate's appeal we reverse the summary judgment finding coverage or liability to the Caronias. The policy specifically excluded coverage for "land vehicles";[5] a two-wheeled motorcycle is obviously a land vehicle. Therefore, it was within the exclusion and no coverage was afforded under this homeowner's policy. Dorrell v. State Fire and Casualty Company, 221 So.2d 5 (Fla. 3d DCA 1969); Lamos v. Consolidated Mutual Insurance Company, 274 So.2d 552 (Fla. 3d DCA 1973). The September 9, 1979 order appealed by Allstate in Case No. 79-1994 be and the same is hereby reversed, and the cause is remanded to the trial court for further proceedings.
Reversed and remanded with directions.
NOTES
[1] See earlier opinion.
[2] The question of the father's liability for violation of restriction by son remains open. See and compare: Farrier v. Thompson, 234 So.2d 11 (Fla. 4th DCA 1970).
[3] This was a non-appealable order and the appeal was dismissed. See: Shupack v. Allstate Insurance Company, 356 So.2d 1298 (Fla. 3d DCA 1978); Aetna Casualty & Surety Co. v. Meyer, 385 So.2d 10 (Fla. 3d DCA 1980); Let's Help Florida v. DHS Films, Inc., 392 So.2d 915 (Fla. 3d DCA 1980).
[4] See footnote 3.
[5] .
"This policy does not apply:
1. Under Coverage X  Family Liability and Coverage Y  Guest Medical Payments:
(a) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
(1) any aircraft: or
(2) any motor vehicle owned or operated by, or rented or loaned to `any' Insured ..." Page 14 of said policy provides:
"3. `motor vehicle' means a land motor vehicle, trailer, or semitrailer designed for travel on public roads (including any machinery or apparatus attached thereto) but does not include, except while being towed by or carried on a motor vehicle, any of the following: utility, boat, camp or home trailer, recreational motor vehicle, crawler or farm type tractor, farm implement or, if not subject to motor vehicle registration, any equipment which is designed for use primarily off public roads."