### DELRAY PLANTS v. DeYOUNG, et al.
No. 81-1754

Fifteenth Judicial Circuit, Palm Beach County

June 23, 1983

Roy W. Jordan, Jr., for plaintiff.

David J. Glatthorn, for defendant.

VAUGHN J. RUDNICK, Circuit Judge

The Plaintiff, Delray Plants, Inc., etc., brought this action for the use and benefit of Florida Farm Bureau Casualty Insurance Company, etc., hereinafter referred to as plaintiff/insurance carrier.

The Defendants are Marlene Jean DeYoung and John DeYoung, her husband, and their insurance carrier, Glen Falls Insurance Company, etc., hereinafter referred to as defendant/insurance carrier.

In prior litigation in this circuit, *Emily Mueller v. Carol DeYoung, et al.,* Case No. 80-3416-L, plaintiff's insurance carrier settled a claim arising from the negligent operation of a motor vehicle on behalf of its

---

insured, Delray Plants, Inc., for a substantial sum of money and in this litigation plaintiff's insurance carrier sues to recover in whole, or part, the monies they expended to settle that claim, and joined as party defendant the DeYoungs' homeowner's insurance carrier.

On June 29, 1982, the defendant/insurance carrier filed a motion with this court seeking attorney's fees pursuant to the plaintiff's motion for a protective order dated April 27, 1982, as provided in Fla.R.Civ.P. 1.280(c) and 1.380(a)(4); for attorney's fees and costs pursuant to Fla.R.Civ.P. 1.370(a) and 1.380(c) for the failure of the plaintiff/insurance carrier to admit the truth of a request for admission; and attorney's fees pursuant to Chapter 57.105, Florida Statutes.

On May 5, 1982 the court granted the defendant/insurance carrier's motion for summary judgment and reserved jurisdiction for the taxation of costs upon proper notice and hearing. (Docket Entry 127)

On May 13, 1982 the defendant/insurance carrier filed its motion to tax costs, gave proper notice of hearing and the court entered its order on the motion June 7, 1982, fixing the amount of taxable costs and directing the issuance of execution; the court did not reserve jurisdiction to enter any further orders.

The most serious issue requiring resolution is whether this court, under the circumstances set forth, has jurisdiction to award the sanction of attorney's fees relating to the motion for a protective order, failure to admit, and F.S. 57.105, which was filed June 29, 1982. Assuming the answer to the first issue is in the affirmative, the next issue is whether the court, under the circumstances, will exercise its discretion and assess fees and costs.

Addressing the issues in reverse order, the court concludes the plaintiffs were afforded two weeks' notice of the taking of the deposition of Ron Fowler; yet at 5:15 p.m. on April 27, 1982, hand delivered to the office of defense counsel a motion and notice of hearing for a protective order scheduled for hearing 8:45 a.m. the next day, April 28, 1982. This notice was unreasonable within the meaning of Fla.R.Civ.P. 1.090(d). For an analogous situation, see *Henzel v. Golstein,* 349 So.2d 824, 825 (Fla. 3rd DCA 1977), holding one working day's notice was considered inadequate notice under Fla.R.Civ.P. 1.420(c).

In the prior litigation, *Emily Mueller v. Carol DeYoung, et al.,* Case No. 80-3416-L, at page 9, line 7 through 14, of the deposition of Carol DeYoung, the plaintiff/insurance carrier stipulated Carol DeYoung was a permissive user of the car involved in the accident.

In the case under consideration, the defendant/insurance carrier on October 14, 1982, propounded a request for admissions to the plaintiff/insurance carrier, among which, plaintiff was requested to admit: "Carol Jean DeYoung was a permissive user of the automobile owned by Delray Plants at the time of the collision alleged in paragraph 7 of the plaintiff's amended complaint."

The plaintiff responded to the request for admissions by denying the request and stated: "Carol Jean DeYoung did not have express permission from Delray Plants, Inc., to use the subject motor vehicle."

Subsequently, the defendant/insurance carrier took the deposition of Kenneth B. Gardner, a witness designated by plaintiff/insurance carrier, as being the claims representative with most knowledge as to the facts leading up to the filing of the law suit of *Mueller v. DeYoung, etc., et al.* During that deposition the exact request for admission was propounded to deponent and he replied in the affirmative.

Fla.R.Civ.P. 1.380(c) provides for the expenses on the failure to admit, unless the court finds enumerated grounds or other good reason for the failure to admit. This court finds there was no ground to avoid making the admission, nor other good reason for the failure to admit and the position of the defendant/insurance carrier is meritorious.

F.S. 57.105 provides for the taxation of attorney's fees when the court finds there was a complete absence of a justiciable issue of either law or fact raised by the losing party. This statute has been interpreted by our appellate courts to mean the successful party on a motion for summary judgment is not necessarily entitled to prevail under the provisions of this statute.

In this case, the defendant/insurance carrier was joined as a party to this litigation when the appellate courts unanimously agreed there was no insurance coverage under the circumstances alleged in the complaint. See *Atkins v. Bellefonte Insurance Co.,* 342 so.2d 837 (Fla. 3rd DCA 1977); *Indiana Insurance Co. v. Winston,* 377 So.2d 718 (Fla. 5th DCA 1980); *Gargano v. Liberty Mutual,* 384 So.2d 220 (Fla. 3rd DCA 1981); *Johnson v. Unigard Insurance,* 387 So.2d 1058 (Fla. 5th DCA 1980) and *Allstate Insurance Co. v. Caronia,* 395 So.2d 1221 (Fla. 3rd DCA 1981).

As to the defendant/insurance carrier, the plaintiff's complaint was completely devoid of a justiciable issue of law or fact.

The determinative issue presented to this court is one of jurisdiction, and counsel, though presenting memoranda of law to the court, have not been able to present a case directly on point, but have been helpful in their many citations of authority to draw analogous situations.

The defendant/insurance carrier relies heavily upon the case of *Autorico, Inc. v. Government Employees Insurance Company,* 398 So.2d 485 (Fla. 3rd DCA 1981). This case is distinguishable from the case at bar, in that, the matter under consideration arose after the plaintiff filed its motion for taxation of costs, not including in its request attorney's fees and receiving a final order on the motion.

The defendant/insurance carrier also relies upon *Jeffcoat v. Heinicka,* 8 Fla.Law Weekly 1415, (2nd DCA, May 18, 1983) wherein the appellate court held F.S. 501.2105 does not require the trial court reserve jurisdiction in order to award attorney's fees and costs after judgment. A reading of the statute reflects it specifically provides for the application of attorney's fees and costs from the non-prevailing party after judgment in the trial court and exhaustion of all appeals. Again, the case and statute are distinguishable for the same reasons stated and no petition for rehearing or appellate procedures pursued prior to the motion to assess attorney's fees being filed.

In the absence of any controlling authority, the court adopts the rationale as set forth in the case of *Autorico, Inc. v. Government Employees Insurance Co., supra.* However, once the prevailing party in litigation seeks the taxation of costs, be they pursuant to Chapter 57 of the Florida Statutes, or the Florida Rules of Civil Procedure, and notices the motion for hearing and receives a final court order setting forth the legal liability of his opponent directing the issuance of execution without any reservation of further jurisdiction, the litigation has come to an end in the trial court. After the passage of time for rehearing, there no longer exists jurisdiction, the litigation has come to an end in the trial court. After the passage of time for rehearing, there no longer exists jurisdiction to seek further costs.

To rule otherwise would open all final judgments since the passage of F.S. 57.105 encouraging continued litigation which must, in the interest of justice and public policy, come to a conclusion. It is thereupon,

ADJUDGED Glen Falls Insurance Company's motion for attorney's fees pursuant to plaintiff's motion for protective order dated April 27, 1982; plaintiff's failure to admit pursuant to Fla.R.Civ.P. 1.370(a) and 1.380(c) and pursuant to Chapter 57, is denied.