CAMPBELL, Judge.
Appellant, Jimmy R. Velez, seeks reversal of the final summary judgment entered for appellee. That judgment denied appellant personal injury protection (PIP) benefits under his motor vehicle insurance policy issued by appellee. We affirm.
At the time of the accident on April 28, 1982, appellant was riding his moped, a two-wheeled vehicle with a maximum rating of 1.5 brake horsepower. The automobile, which was his insured vehicle under his policy with appellee, was not involved in the accident.
After appellant filed his complaint seeking PIP benefits from appellee, appellee answered and both parties filed motions for summary judgment. The sole issue for consideration by the trial court, and for us here, is whether an insurer must pay PIP benefits to its insured under a motor vehicle insurance policy who suffers accidental bodily injury while riding a moped. The answer to that question is governed by the Florida Reparations Reform Act, and specifically by the interpretation of section 627.736(4)(d)l, Florida Statutes (1981).
The precise question presented to us here has been addressed in State Farm Mutual Automobile Insurance Company v. Link, 416 So.2d 875 (Fla. 5th DCA 1982). Section 627.736(4)(d)l requires the insurer of an owner of a motor vehicle to pay PIP benefits to such an insured for accidental injuries received “while occupying a motor vehicle, or while not an occupant of a self-propelled vehicle if the injury is caused by physical contact with a motor vehicle.” In order for appellant to receive PIP benefits, it must be determined that the moped he was riding was not “a self-propelled vehicle.” The court in Link made such a determination, reading into section 627.-736(4)(d)l, following the phrase “while not an occupant of a self-propelled vehicle,” the exception that was contained in section *1050 627.732(1), Florida Statutes (1981), “except mopeds, as defined in section 316.003(2).” That phrase was specifically included in the definition of “motor vehicle” in section 627.732(1).[1] It is not in section 627.-736(4)(d)l. It is to us a strained statutory construction to read language into a statute that is specifically included in another section, but is omitted from the section sought to be construed. The Link court cites State Farm Mutual Automobile Insurance Company v. O’Kelley, 349 So.2d 717 (Fla. 1st DCA 1977) to support the construction of the statute it approves. The O’Kelley court concluded mopeds were covered by the statute as it then existed, by holding that a moped was “not a motorcycle.” [2] That method of interpretation, to exclude from a specified category, is far less strained than reading into section 627.-736(4)(d)l as it existed at the time of the accident here, the phrase extracted from section 627.732, “except mopeds, as defined in section 316.003(2).” As noted, even section 627.732 has now been amended by chapter 82-243, Laws of Florida (1982), so that the definition of “motor vehicles” no longer contains the phrase “except mopeds, as defined in section 316.003(2).” We could cite numerous cases on both sides of the question as to what a subsequent amendment to a statute means to the construction to be applied to the statute prior to the amendment. We could also cite cases to the effect that no effect should be given to the subsequent amendment. It is difficult to arrive at a proper construction of section 627.736(4)(d)l, Florida Statutes (1981), because no one construction is easily determined or particularly satisfactory when concluded. Neither do we feel that we are in any better position to determine the proper construction than our good colleagues who rendered the Link decision. However, we do conclude the better construction is not to read into the statute language that is not clearly implied. That construction happens to coincide with what we feel is now the clear legislative intent since the 1982 amendment. As a matter of fact, it seems that each time the courts have interpreted section 627.736(4)(d)l so as to provide PIP coverage when the insured was riding a moped, the legislature has enacted an amendment seeking, apparently, to exclude such coverage.
We therefore affirm.
RYDER, A.C.J., and DANAHY, J., concur.

. That phrase was deleted by chapter 82-243, Laws of Florida (1982).

. Section 627.736(4)(d)l originally provided that an insured was entitled to PIP benefits if he were "not an occupant of a motor vehicle or motorcycle....” However, this was amended to its present language by chapter 77-268, Laws of Florida (1977).