461 So.2d 1348 (1984)
Jimmy R. VELEZ, Petitioner,
v.
CRITERION INSURANCE COMPANY, Respondent.
No. 65003.
Supreme Court of Florida.
November 29, 1984.
Rehearing Denied February 7, 1985.
Daniel C. Kasaris of Yanchuck, Thompson, Young & Berman, P.A., St. Petersburg, for petitioner.
Mark E. Hungate and William T. Atchley of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for respondent.
OVERTON, Judge.
This is a petition to review Velez v. Criterion Insurance Co., 445 So.2d 1049 (Fla. 2d DCA 1984), in which the Second District Court of Appeal held that a moped, as defined by the legislature, is a self-propelled vehicle and, therefore, a person injured while riding a moped is precluded from recovery under the personal injury protection coverage on his automobile. We find direct conflict with State Farm Mutual Automobile Insurance Co. v. Link, 416 So.2d 875 (Fla. 5th DCA 1982). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and we quash the Velez decision and find that petitioner, Velez, may recover under his personal injury protection coverage.
This cause involves the interpretation of section 627.736(4)(d)1, Florida Statutes (1981), and a determination of whether the legislature intended to characterize a moped as a self-propelled vehicle. The section in question provides:
The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a self-propelled vehicle if the *1349 injury is caused by physical contact with a motor vehicle.
Section 627.736(4)(d)1, Fla. Stat. (1981).
In the instant case, Velez was injured in a collision with an automobile while he was riding his moped. He filed for personal injury protection benefits under his automobile policy with respondent. The automobile covered by the policy was not involved in the accident. The trial court granted respondent's motion for summary judgment on the basis that an insurer is not liable under a motor vehicle policy for payment of personal injury protection benefits to an insured who is injured while riding a moped.
The district court affirmed the trial court, finding that a moped is a self-propelled vehicle for purposes of section 627.736(4)(d)1 and, therefore, Velez was precluded from recovery under the personal injury protection coverage on his automobile. The district court expressly acknowledged conflict with the decision of the Fifth District Court of Appeal in Link. For the reasons expressed below, we disagree with the district court in the instant case and approve the Link decision.
Initially, we note that section 627.732, Florida Statutes (1981),[1] specifically excludes mopeds from the definition of "motor vehicle" for purposes of the Florida Automobile Reparations Reform Act, sections 627.730-627.741, Florida Statutes (1981). Therefore, as stated previously, the only question is whether a moped is a self-propelled vehicle. The Link court answered this question in the negative, finding that a moped is a bicycle as defined in section 316.003(2), Florida Statutes (1981),[2] and not a vehicle as defined in section 316.003(64).[3] That court reasoned that a moped could not, therefore, be a self-propelled vehicle for purposes of the personal injury protection benefits exclusion under section 627.736(4)(d)1. We agree and find that the result reached by the Link court is the better construction of the statutory provisions involved. We note that the legislature has addressed mopeds under various laws dealing with bicycles,[4] motor vehicles,[5] and motorcycles,[6] giving them characteristics of each group. For purposes of the Florida Automobile Reparations Reform Act, however, we find that section 627.732(1), by its reference to section 316.003(2), unambiguously defines mopeds as bicycles. Further, it is clear that under this definition a bicycle is not a vehicle. Therefore, as correctly determined in Link, the legislature did not intend that a moped be considered as a self-propelled vehicle.
Accordingly, we find that Velez is not precluded from recovery under section 627.736(4)(d)1 and we quash the decision of the district court and remand for further proceedings consistent with this opinion.
It is so ordered.
*1350 ADKINS, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., dissents.
NOTES
[1] Section 627.732(1), Florida Statutes (1981), reads as follows:

"Motor vehicle" means any self-propelled vehicle which is of a type both designed and required to be licensed for use on the highways of this state except mopeds, as defined in s. 316.003(2)... .
[2] Section 316.003(2), Florida Statutes (1982), reads as follows:

BICYCLE.  Any device propelled by human power, or any moped propelled by a pedal-activated helper motor with a manufacturer's certified maximum rating of 1 1/2 brake horsepower, upon which any person may ride, having two tandem wheels, either of which is 20 inches or more in diameter, and including any device generally recognized as a bicycle though equipped with two front or two rear wheels.
[3] Section 316.003(64), Florida Statutes (1981), reads as follows:

VEHICLE.  Any device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, except bicycles or mopeds as defined in subsection (2) or devises used exclusively upon stationary rails or tracks.
[4] See, e.g., § 316.2065(14)-(15), Fla. Stat. (1981).
[5] See, e.g., § 233.063(1), Fla. Stat. (1981); § 316.2075, Fla. Stat. (1981); § 320.0803, Fla. Stat. (1981).
[6] See, e.g., § 320.02(6), Fla. Stat. (1981); § 320.08(1), Fla. Stat. (1981).