DOWNEY, Judge.
This appeal arises from a final order dismissing the appellants’ complaint with prejudice pursuant to the appellee’s motion to dismiss alleging failure to state a cause of action. The motion to dismiss asserted that the appellants were not entitled to personal injury protection or uninsured motorist benefits under their automobile policy, for injuries sustained by Prinzo, a pedestrian, because the alleged tortfeasor was operating a moped, which the legislature has excluded from the classification of motor vehicles.
With reference to personal injury protection benefits, section 627.736(4)(d)l, Florida Statutes (1983), provides:
(d) The insurer of the owner of a motor vehicle shall pay personal protection benefits for:
1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a self-propelled vehicle if the injury is caused by physical contact with a motor vehicle.
In this case, “motor vehicle” means “any self-propelled vehicle with four or more wheels which is of a type both designed and required to be licensed on the highways of this state.” § 627.732(1), Fla.Stat. (1983). A moped does not satisfy that criterion. Besides not having four wheels, it has clearly been determined that a moped is not a self-propelled vehicle — it is a bicycle. Velez v. Criterion Insurance Company, 461 So.2d 1348 (Fla.1984); State Farm Mutual Automobile Insurance Company v. Link, 416 So.2d 875 (Fla. 5th DCA 1982).
As to uninsured motorist insurance, section 627.727, Florida Statutes (1983), provides that uninsured motor vehicle coverage is required and provided for the protection of persons insured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. Although the legislature neglected to define motor vehicle under this section, we find that the definitions provided under the No-Fault Act (section 627.732(1)), the Traffic Control Law (section 316.003(2) and (21)), the Motor Vehicle Licenses Law (section 320.01(1)) and the Financial Responsibility Law (section 324.021(1)) should be read in pari materia, which compels the conclusion that the legislature did not intend to characterize a moped as a motor vehicle or self-propelled vehicle. See State Farm Mutual Automobile Insurance Company v. Link, 416 So.2d 875 (Fla. 5th DCA 1982).
We affirm the trial court’s dismissal of the appellants’ complaint because coverage was not available based upon statutory law, since the appellant was not injured by a motor vehicle. Additionally, there was no allegation in the complaint, nor any provision in the policy, that the appellants had contracted for insurance beyond the standard provisions so that injury caused by a moped would be covered. The pleading could not be amended to state a cause of action under the applicable automobile policy. See Hansen v. Central Adjustment Bureau, Inc., 348 So.2d 608 (Fla. 4th DCA 1977).
AFFIRMED.
ANSTEAD, C.J., and RODGERS, EDWARD, Associate Judge, concur.