472 So.2d 823 (1985)
Cleosta LANE and Jerlene Lane, Appellants,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 84-397.
District Court of Appeal of Florida, Fourth District.
July 10, 1985.
David C. Wiitala of Ingalsbe, McManus, Wiitala & Contole, P.A., North Palm Beach, for appellants.
Anne H. Ford of Brennan, McAliley, Hayskar, McAliley & Jefferson, P.A., West Palm Beach, for appellee.
DOWNEY, Judge.
This appeal arises from a final summary judgment finding that a moped was a "motorized land vehicle" excluded from coverage under a homeowner's liability policy issued by Allstate Insurance Company, appellee, to appellants, Mr. and Mrs. Lane.
Appellants' minor son was riding a moped on the public streets when he struck a pedestrian. The pedestrian made a claim against appellants for her personal injuries. Appellants notified appellee of the claim and requested coverage and payment for the accident under their homeowner's policy. Coverage was denied, relying upon the following exclusion in the policy: "We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of any motorized land vehicle or trailer." Thereafter, appellants filed suit, seeking a declaratory judgment that a moped is not a motorized land vehicle and that coverage was provided by the policy for the claim. The complaint included an allegation that "[s]aid moped is propelled by a pedal-activated helper motor with a manufacturer's certified maximum rating of no more than 1 1/2 brake horsepower, and said vehicle has two tandem wheels and is generally recognized as a bicycle." The trial court found that the exclusionary language in the policy regarding motorized land vehicles was plain and unambiguous, and held that the moped involved was a motorized land vehicle, which was excluded from coverage.
Appellants contend that the exclusionary clause in their homeowner's insurance policy applying to motorized land vehicles or motor vehicles does not include mopeds because mopeds have been held to be bicycles for licensing, registration, traffic control and insurance purposes. Appellants contend further that the term "motorized land vehicle" is ambiguous as applied to a moped because reference to statutory and caselaw definitions of a moped indicates that a moped is considered a bicycle, which does not fall within the term "motorized land vehicle" or "motor vehicle." We agree.
In Prinzo v. State Farm Mutual Automobile Insurance Company, 465 So.2d 1364 (Fla. 4th DCA 1985), wherein the appellant was a pedestrian injured by a *824 moped, we held that the appellants were not entitled to personal injury protection or uninsured motorist benefits under their automobile policy because the alleged tortfeasor was operating a moped, which the legislature has excluded from the classification of motor vehicles. Therein, we recognized that "it has clearly been determined that a moped is not a self-propelled vehicle  it is a bicycle," relying upon Velez v. Criterion Insurance Company, 461 So.2d 1348 (Fla. 1984) and State Farm Mutual Automobile Insurance Company v. Link, 416 So.2d 875 (Fla. 5th DCA 1982). We also found in Prinzo that
the definitions provided under the No-Fault Act (section 627.732(1)), the Traffic Control Law (section 316.003(2) and (21)), the Motor Vehicle Licenses Law (section 320.21(1)) and the Financial Responsibility Law (section 324.021(1)) should be read in pari materia, which compels the conclusion that the legislature did not intend to characterize a moped as a motor vehicle or self-propelled vehicle. See State Farm Mutual Automobile Insurance Company v. Link, 416 So.2d 875 (Fla. 5th DCA 1982).
465 So.2d at 1365.
Until now, the issue of coverage for a moped incident under a homeowner's policy has apparently not been addressed by Florida decision. However, we believe the Florida legislature has unambiguously defined a moped, such as the one in this case, as a bicycle for purposes of interpreting either an automobile liability policy or a homeowner's liability policy. See § 627.726, Fla. Stat.(1983) (the definitions applicable to motor vehicle insurance contracts are applicable to all contracts of casualty insurance). We have found no Florida decision that would preclude recovery under a homeowner's policy for injuries sustained by a pedestrian who was struck by a moped (or bicycle). Furthermore, there is at least one decision from another jurisdiction that has directly addressed the same issue presented herein, and we find that case persuasive. In Aetna Insurance Company v. Weiss, 416 A.2d 426 (N.J. Super. 1980), the court clearly held that a moped, operated by the homeowner's daughter on the day of the accident in which the passenger of the moped was injured, was not a "motor vehicle" within the meaning of the exclusionary clause in the homeowner's policy. That court looked to the statutory definitions, which indicated that the moped was a type of bicycle excluded from the definition of motor vehicle, and stated:
It is a basic rule in the interpretation of insurance policies that if the controlling language of a policy will support two meanings, one favorable to the insured and the other favorable to the insurer, a court will apply the interpretation favoring coverage... . If there is any doubt, uncertainty or ambiguity in the phraseology of a policy, or if the phraseology is susceptible to two meanings, the construction favoring coverage must be adopted... . Further, strict interpretation is applied to clauses of exclusion in insurance policies which are designed to limit the protection afforded.... Exclusionary language in a policy must be plain and clear... . One of the factors which courts must consider in construing language of a policy is whether the use by the insurer of alternative or more precise language would have "put the matter beyond reasonable question." ...
Furthermore, it is the burden of the insurer to demonstrate that coverage does not exist because of the exclusions within the policy. Plaintiff [the insurer] must show that the insured's interpretation of the exclusionary clause is entirely unreasonable.... It has not done so.
416 A.2d at 428-429 (citations omitted).
Since mopeds were commonly recognized and defined by the Florida legislature as bicycles at the time of the making of the insurance contract in the instant case, the insurer, appellee, should be charged with such knowledge and any ambiguity in this *825 regard should be interpreted in favor of the insured, appellants. General Development Corporation v. Catlin, 139 So.2d 901, 903 (Fla. 3d DCA 1962) (the law in existence at the time of the making of a contract forms a part of that contract, as if it were expressly referred to in its terms). Furthermore, the homeowner's policy in question acknowledges the effect of specific state law on the policy by stating: "When the policy provisions are in conflict with the statutes of the state in which the residence premises is located, the provisions are amended to conform to such statutes." Thus, if a moped is not a vehicle, a motor vehicle, or a self-propelled vehicle under the statutes, and if the policy is subject to the statutes, then the exclusions and definitions of the policy must give way to the statutory definitions. Therefore, unless a homeowner's policy specifically excludes "mopeds" they are included and subject to coverage.
Although appellants stipulated below that the moped was equipped with a motor and that it was a vehicle used on land, they did not concede that it was a "motorized land vehicle" excluded from coverage under the terms of their homeowner's policy. The moped had a one and one-half brake horsepower motor, but that fact did not make it fall within the exclusion pertaining to motorized land vehicles or motor vehicles because the legislature and our supreme court have determined that the device must be self-propelled, as opposed to being propelled by a pedal-activated helper motor, in order to constitute a motor vehicle for purposes of interpreting casualty insurance policies.
Accordingly, the final summary judgment, finding that injury arising out of the use of a moped was excluded from coverage under the homeowner's policy, is reversed.
HURLEY, J., concurs.
LETTS, J., dissenting without opinion.