WILLIAM A. NORRIS, Jr., Associate Judge.
Appellants brought an action for declaratory judgment to resolve a question of insurance coverage under a homeowner’s policy issued by appellee. The amended complaint alleged the minor appellant was injured after being struck by a licensed moped negligently operated by DeWayne Mack, minor son of Joe and Sheila Mack. At the time of the alleged accident Mr. and Mrs. Mack, who are not parties to this appeal, were the named insureds under a homeowner’s insurance policy issued by ap-pellee.
The homeowner's policy issued by appel-lee to Joe and Sheila Mack for their premises located at 15300 N.W. 28th Place, Miami, Florida,-contained the following exclusions:
This policy does not apply ...
a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of ...

(2) any motor vehicle owned or operated by, or rented or loaned to any insured; but this subdivision (2) does not apply to bodily injury or property damage occurring on the residence premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the residence premises or kept in dead storage in the residence premises; or
(3) any recreational motor vehicle owned by any Insured, if the bodily injury or property damage occurs away from the residence premises; but this subdivision (3) does not apply to golf carts while used for golfing purposes.
The policy also specifically defined “motor vehicle” and “recreational motor vehicle” as:
3. “motor vehicle”: means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto) but does not include, except while being towed by or carried on a motor vehicle, any of the following: utility, boat, camp or home trailer, recreational motor vehicle, crawler or farm type tractor, farm implement or, if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads.

6. “recreational motor vehicle”: means (1) a golf cart or snowmobile or (2) if not subject to motor vehicle registration, any other land motor vehicle designed for recreational use off public roads.
The matter came before the trial court on motions for summary judgment filed by both appellant and appellee. In support of its motion appellee filed an affidavit from DeWayne Mack stating that he was operating the 1979 Lambreta moped, that it was used almost exclusively on the public roads and streets around his neighborhood, and that the alleged accident took place on a public thoroughfare. The trial court denied appellant’s motion, but granted appel-lee’s motion for summary judgment, holding that:
There is no coverage afforded under the homeowner’s policy issued by [appellee] to Joe and Sheila Mack for the incident alleged in the Complaint for Declaratory Judgment, in that a moped is a motor vehicle under the homeowner’s policy.
The issue before this court is whether a moped is a motor vehicle under the exclusionary language of the homeowner’s policy-
In Allstate Insurance Co. v. Caronia, 395 So.2d 1221 (Fla. 3d DCA 1981) we reviewed identical language in a homeowner’s policy, and held that a two-wheeled motorcycle was a motor vehicle within the exclusionary language of the policy. The same language was also considered by the Fifth District Court of Appeal which held that a three-wheel power driven vehicle known as a “Tri-Sport,” was a land motor vehicle within the exclusionary language of the policy. Johnson v. Unigard Insurance Co., 387 So.2d 1058 (Fla. 5th DCA 1980).
*1014 Since this case was argued, both the Florida Supreme Court and the Fourth District Court of Appeal have addressed the question of the classification of mopeds.[1] In Velez v. Criterion Insurance Co., 461 So.2d 1348 (Fla.1984), approving State Mutual Automobile Insurance Co. v. Link, 416 So.2d 875 (Fla. 5th DCA 1982), the Florida Supreme Court determined that for the purposes of the Florida Automobile Reparations Reform Act[2] a moped is a bicycle, not a motor vehicle or self-propelled vehicle.
In Lane v. Allstate Insurance Co., 472 So.2d 823 (Fla. 4th DCA 1985) it was held that a moped was a bicycle and not a motorized land vehicle excluded from coverage under a homeowner’s policy:
Until now, the issue of coverage for a moped incident under a homeowner’s policy has not been addressed by Florida decision. However, we believe that the Florida legislature has unambiguously defined a moped, such as the one in this case, as a bicycle for the purposes of interpreting either an automobile liability policy or a homeowner’s liability policy.
472 So.2d at 824 (emphasis supplied).
We cannot distinguish the facts or legal principles in Lane from this case. Accordingly, the final summary judgment for ap-pellee is reversed and the cause is remanded with directions to enter summary judgment for appellants on the issue of insurance coverage for the moped in question.
Reversed and remanded with directions.

. Both cases were brought to the court's attention by the parties subsequent to oral argument.

. §§ 627.730 — 627.741, Fla.Stat. (1981). (Sections 627.730 — 627.7405 are currently known as the "Florida Motor Vehicle No-Fault Law." § 627.730, Fla.Stat. [1983].)