## STATE OF FLORIDA v HOWARD

### Case No. 86-4750-TT-A-41

County Court, Monroe County

October 6, 1986

### APPEARANCES OF COUNSEL

**Gordon Murray,** Assistant State Attorney, for plaintiff.

**David J. Audlin, Jr.,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

PAUL E. ESQUINALDO, County Judge.

Defendant's Motion to Dismiss came on to be heard.

Defendant has been charged by Information with "Driving While Under the Influence of Alcoholic Beverages or a Chemical or Controlled Substance or with a special Blood Alcohol Level" under 316.193 which reads as follows:

> "A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this State and:

a) the person is under the influence of alcoholic beverages, any chemical substance set forth in 877.111 or any substance controlled

under chapter 893 when affected to the extent that his normal faculties were impaired or,

b) the person has a blood alcohol level of 0.10 per cent or higher."

Defendant has been charged with DUI under 316.193 although Defendant was not driving an automobile or motor vehicle, but was instead pedalling (riding) a bicycle.

Defendant argues that Statute 316.193 (DUI Statute) is not intended for bicycle operators and has filed his memo listing reasons for his arguments, they are:

1. The legislature intended the word "vehicle" to mean "motor vehicle" since 316.1934(1) which sets a method to determine presumption of impairment, clearly refers to persons under the influence while operating a motor vehicle.

2. In *State of Florida v. Barnett*, 9 Fla. Supp.2d 64 (Palm Beach County, 1985) the Court found that the "any vehicle" for purpose of DUI statute must be a motor vehicle which is self-propelled.

3. Florida Standard Jury Instructions exclude Bicycle Riders from DUI.

4. 316.1932 F.S.A. which creates the legal mechanism for obtaining chemical samples against suspect drunk drivers could never be enforced against a bicycle rider since 316.1932 compels only operators of *motor vehicles* to undergo the test to ascertain the alcohol content in the suspected drunk driver. A bicycle rider could not be compelled to submit to the test since he was not operating a motor vehicle.

5. The attorney general has issued an opinion that operators of bicycles are subject to all provisions of the Florida Uniform Control law governing non-criminal traffic violations, as well as special regulations governing the operation of bicycles. Defendant cites 316.2065 F.S.A. which governs the operation of bicycles which does not include DUI jurisdiction. See Attorney General Opinion 84-10 Jan. 26, 1984.

6. Public policy demands alternate methods of transportation to drinkers such as bicycle riding, walking or public transportation as opposed to getting into their multi-ton vehicle and driving.

The State has failed to file a memorandum and its sole argument is that a bicycle is defined as vehicle and 316.193 applies to vehicles.

In order to decide whether 316.193 applies to bicycle operators, the Court must consider many factors and finds as follows:

(a) Common language usage shows that persons "ride", "pedal" or "operate" bicycles—they *don't drive bicycles.* 316.193 is applicable to persons *driving any vehicle.*

(b) Prior to 1983 bicycles had been defined as devices and are now defined as "vehicles". *"Vehicles" is defined as any device, in or upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.*

If 316.193 applies to bicycles because bicycles are defined as "vehicles", 316.193 can also be applied to a drunk person on a wheel chair, drunk person sitting in a wheel barrow, or a drunk person on skates. All those methods of transportation can legally be tagged "vehicles" since they are "devices" for transportation of persons or property. There could be a great number of other methods of transportation of persons or property that would not pose a danger to the public, yet, since 316.193 makes it a crime to drive or be in actual physical control of a "vehicle" while under the influence, any drunk person using any one of said methods could be charged under the DUI statute.

A drunken person poses no danger to the general public if he is in actual possession of a bicycle but is not riding it. The bicycle will not take off on its own and cause damage.

(c) 316.2065 F.S.A. (1985 edition) is a statute specifically provided to govern and control the use of bicycles. Although 316.2065 contains seventeen (17) sections mandating specific use of bicycles not one of those sections addresses the problem to operate or pedal a bicycle while under the influence. 316.2065 also fails to refer to anyone using a bicycle as "driving" a bicycle, the statute uses the words "operate", "propel" and "ride" and do not use the word "drive".

Bicycle violations are mere (civil) infractions for which no criminal sanctions may be imposed, yet 316.193 contains criminal sanctions of not more than 6 months in jail for a first conviction and mandatory jail time for a second and further convictions.

(d) All other statutes associated with drunk driving such as 316.1931, 316.1932, 316.1933, 316.1934, 322.28 and 322.261 make reference to driving a "motor vehicle".

(1) 316.1931, repealed in 1986, prohibits anyone from driving a *motor vehicle* while under the influence.

(2) 316.1932 warns persons that by accepting the privilege to operate a motor vehicle in the state that said person gives his

**39**

consent to submit to a breathalyzer or blood test to determine said person's alcoholic blood content. Here again the statute refers to persons driving a *"motor vehicle"*.

(3) 316.1933 compels persons causing death or serious bodily injury to any person or persons while operating or being in actual possession of a motor vehicle to undergo tests to determine the person's alcoholic body content. Here again the statute mandates the test when the vehicle used is a *"motor vehicle"*.

(4) 316.1934 explains the presumption of impairment by the amount of alcoholic content in the person's body, and here again the statute refers to the person driving or being in actual possession of a *motor vehicle*.

(5) 322.28 is the implied consent statute, which authorizes the State to suspend or revoke the drivers license of a person charged with driving or being in actual physical control of a *motor vehicle* who refuses to take the test.

It is clear that a person riding a bicycle in a drunken condition cannot be compelled to submit to a breath or blood test as the statute makes it mandatory for a person to submit to the test only if he is driving a *motor vehicle*. How would the State prove a specific amount of alcoholic content in a person's body without specific authorization to make him take the test and he refuses?

(6) 322.261 is a statute authorizing the State to suspend a person's license for refusal to submit to breath, urine, or blood test for impairment. Here again, the statute authorizes suspension only if the person was driving a *motor vehicle* and refused to take the test.

One of the punishments prescribed in 316.193 for conviction of DUI is to suspend the convicted person's driver's license. Bicycle riders are not required to possess drivers license to operate a bicycle. A great deal of them may have never had a motor vehicle drivers license. Another punishment prescribed in 316.193 to convicted DUI's is for the person convicted to attend a substance abuse course where he may learn the dangers of drinking and driving. DUI schools all over the State use videos that show drunken persons driving motor vehicles, not bicycles. Convicted persons are educated on the dangers of driving a motor vehicle which could lead to damage to property or injury to persons.

(e) An automobile (a motor vehicle) is regarded in the State of Florida as a "dangerous Instrumentality". Driving an automobile is

40

like aiming a loaded gun, and if a person's faculties are impaired when a person drives a "dangerous instrumentality" he is as dangerous as a person aiming and ready to fire a loaded gun. This Court opines that 316.193 is intended for motor vehicles (self propelled vehicles) for the protection of the general public. A person driving a motor vehicle can cause damage, death or serious injury to others, while a person riding a bicycle can at most hurt himself. It is a big difference a 2, 3, or 4 ton motor vehicle and riding a 5 or 15 pound bicycle.

(f) In *State of Florida v. Barnett*, 9 Fla. Supp.2d 64 (Palm Beach County, 1985), the Court found that a "vehicle", for the purpose of the DUI statute, must be a motor vehicle which is self propelled.

(g) In *Clingenpeel v. Municipal Court of Antelope Judicial Dist.*, 166 Col. Rptr. 573, 108 C.A. 3rd 394, the Court found "that statute providing that every person riding a bicycle on a roadway has all the rights and is subject to all duties applicable to the driver of a vehicle" would fail to meet due process standards if it applied to make operation of bicycle while under the influence of intoxicating liquor subject to criminal sanctions, as statute does not give fair warning that driving bicycles while under the influence of alcohol is prohibited and punishable.

(h) On April 16, 1981 the Supreme Court approved D.U.I. jury instructions and defined "Vehicle" as being any device, in, upon or by which any person or property is, or may be transported or drawn upon a highway, *except bicycles or mopeds* or devices used exclusively upon stationary rails or tracks. This Court is not aware the Supreme Court has changed the instructions. (See Page 4 optional definitions in re "Vehicle".) Also, the County Judges' Conference, subsequent to the Supreme Court's Jury Instructions, developed the DUBAL jury instructions and copied the Supreme Court's jury instructions on DUI and specifically excluded "bicycles" from the definitions of "Vehicles". These instructions have not been changed either. It is the Court's opinion that the DUI jury instruction would have been changed to include "bicycles" as being "vehicles" for DUI purposes if DUI was applicable to bicycles.

(i) Attorney General opinion 84-10 states that the laws governing bicycle operation (F.S. Section 316.2065) does not include D.U.I. jurisdiction.

(j) In *Jimmy R. Velez v. Criterion Ins. Co.*, 461 So.2d 1348 (1984) a case dealing with another matter, the Supreme Court of the State of Florida stated *"it is clear that under the definition a bicycle is not a*

41

*vehicle.*" One must bear in mind that the definition of a bicycle and vehicles were changed in 1983. The change occurred prior to the *Velez* matter.

In conclusion, this court opines that at present the DUI statute does not apply to bicycle riders. To make DUI applicable to bicycles many statutes would have to be changed or amended.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion to Dismiss be and the same is hereby Granted.

DONE AND ORDERED in Chambers at Key West, Monroe County, Florida, this 6th day of October, A.D., 1986.