[Civ. No. 800. Fifth Dist. Nov. 21, 1967.]

LOYCE BRESHEARS, Plaintiff and Respondent, v. IN-
DIANA LUMBERMENS MUTUAL INSURANCE
COMPANY OF INDIANAPOLIS, INDIANA, Defend-
ant and Appellant; FIRST SAVINGS AND LOAN
ASSOCIATION, Intervener and Respondent.

McGregor, Bullen & McKone and Michael M. McKone for Defendant and Appellant.

John A. Gates for Plaintiff and Respondent.

Bradford, Cross, Dahl & Hefner and Theodore M. Marois, Jr., for Intervener and Respondent.

GARGANO, J.—The sole question presented in this appeal is whether, after recovering under an "open" fire insurance policy the cost of restoring a building to its pre-fire condition, the respondents may also recover the additional costs of

reconstructing in compliance with changed building codes. Accordingly, the controversy centers on the interpretation of sections 411, 412, 2051, 2070 and 2071 of the Insurance Code.

Section 411 reads: "An open policy is one in which the value of the subject matter is not agreed upon, but is left to be ascertained in case of loss."

Section 412 reads: "A valued policy is one which expresses on its face an agreement that the thing insured shall be valued at a specified sum."

Section 2051 reads: "Under an open policy, the measure of indemnity in fire insurance is the expense to the insured of replacing the thing lost or injured in its condition at the time of the injury, such expense being computed as of the time of the commencement of the fire."

Section 2070 reads: "*All fire policies* on subject matter in California shall be on the standard form, and, except as provided by this article shall not contain *additions* thereto. No part of the standard form shall be omitted therefrom except that any policy which in addition to coverage against the peril of fire includes substantial coverage against other perils on an unspecified basis need not comply with the provisions of the standard form fire insurance policy; provided, such policy with respect to the peril of fire insurance shall include provisions which are the substantial equivalent of the provisions of such standard form fire insurance policy." (Italics added.)

Section 2071 adopts the standard form of fire insurance policy for the state which provides, *inter alia,* that the insurer shall pay the insured for a fire loss up to the maximum coverage prescribed by the policy "to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair."

The facts are presented in an Agreed Statement. On March 10, 1963, a fire occurred in a building owned by respondent Loyce Breshears causing extensive damages. At the time of the fire the dwelling was insured by appellant under an "open" fire insurance policy. The policy provides coverage up to $14,000 and is in substantial compliance with the standard form prescribed by section 2071. During the trial both

248

sides submitted estimates of the loss suffered by respondents as a result of the fire. Respondents' estimates included repair costs brought about by changes which were made in the Sacramento County Building Code after the building was constructed but before the insurance policy was issued. Appellant's estimate did not include such additional costs. The trial court apparently allowed the increased costs and fixed respondents' recoverable loss at $12,000. The court held that the provision of section 2071 which disallows such costs is unconstitutional. In this connection the court stated: "The effect of it is that, as to an older structure, the liability of the insurer is limited to the cost of repair or reconstruction as determined under building codes in effect at the time of construction of the unit. As to new construction, the liability can well be for the amount under the building code in effect at the time of the loss. There is no adjustment in rate required in accordance with the age of the building. The Court concludes that this portion of Section 2071 of the Insurance Code is in violation of Section 11 of Article I of the California Constitution requiring that all laws of a general nature shall have uniform application, and is also in violation of the equal process [sic] clause of the Fourteenth Amendment of the Federal Constitution."

 We do not agree with the trial court's conclusion that section 2071 is unconstitutional. The rationale of the decision completely ignores one of the traditional concepts of fire insurance which is to indemnify or compensate the insured for the actual loss which he has sustained and not necessarily to place him in a better position than he was in at the time of the fire (*McAnarney* v. *Newark Fire Ins. Co.*, 247 N.Y. 176 [159 N.E. 902, 56 A.L.R. 1149]; 5 U.C.L.A. L.Rev. 248).

According to the plain language of section 2071 the insurer is required, up to the maximum limits of the policy, to indemnify the insured for the cost of repairing or replacing a building which was lost or destroyed by fire with material of like kind and quality, but it is not required to assume repair or replacement costs which would provide the insured with a more structurally valuable building than the one that was damaged or destroyed. Thus, it is manifest that the section does not violate the equal protection clause or the due process clause of the federal Constitution nor does it violate section 11 of article I of the California Constitution. To the contrary, it affords uniform and equal protection to all building owners

under the "indemnity" concept of insurance. The owners of
new buildings which conform with state or local building laws
are merely reimbursed for costs which they actually incurred.
On the other hand, the owners of buildings which do not
conform with such laws are not permitted to recover costs
which they never assumed in the first place.

The court's comment that section 2071 is unconstitutional
because there is "no adjustment in rate . . . in accordance
with the age of the building" is also without substance. The
rate of the premium charged to the insured is determined by
the maximum coverage provided by the policy and hence
necessarily includes the value of the building at the time that
the insurance is acquired. In fact, from the practical stand-
point, the insured determines his own premium rates and in
so doing he should be guided by the value of his building
after taking into consideration the nature of the structure, its
age and similar factors.

Respondents contend that in any event the court cor-
rectly allowed the estimated increased repair costs because an
"open" policy is not subject to the provision of section 2071
which disallows such costs. They apparently assert that the
recovery formula for an "open" policy is fixed by section
2051, not section 2071, and that under the former section
increased construction costs attributable to changes in state or
local laws are not disallowed. In other words, if we under-
stand respondents correctly, they simply maintain that the
challenged provision of section 2071 is inconsistent with
section 2051 and the former must be construed to apply only
to "valued" policies to provide a formula for the payment of
a partial fire loss by the insurer under a "valued" policy.

California, like most states, has adopted a regulatory struc-
ture to govern fire insurance. It makes the usual distinction
between a "valued" and an "open" policy and provides for
the writing of either in this state. Thus, we agree with
respondents' contention that we must look to the Insurance
Code and not necessarily to the insurance contract in order to
determine the extent of the insurance carrier's liability for a
fire loss (*Lelande* v. *Lowery,* 26 Cal.2d 224 [157 P.2d 639, 175
A.L.R. 1109]). However, we do not agree with respondents'
conclusion that section 2071 is not controlling in this case nor
do we find any inconsistency between this section and section
2051.

First, it is clear that the Legislature, as an essential part of

a comprehensive regulatory structure, has adopted a standard policy form which narrowly defines the area which may be varied by the contracting parties. Thus, respondents' bald assertion that the challenged provision of section 2071 (which is an integral part of the form policy) applies only to "valued" policies either ignores the express language of section 2070 that states that the standard form applies "to all fire policies" or reads an exception in section 2071 which simply is not there. It is a cardinal rule that a court is not justified in ignoring the plain words of a statute unless it clearly appears that the language used is contrary to what, beyond question, was the intent of the Legislature (*Twaits* v. *State Board of Equalization*, 93 Cal.App.2d 796 [210 P.2d 40]).

Second, respondents' assertion is inconsistent with the apparent objectives of the regulatory structure which the Legislature has adopted and, if accepted, would create an anomaly in the insurance law. It is common knowledge in the insurance industry that due to the moral hazard of over evaluation, "valued" policies are seldom if ever written in this state. It is inconceivable that the Legislature adopted a standard policy which narrowly defines the area which may be varied by the contracting parties, and then limited its application to the exception (the "valued" policy) rather than to the rule (the "open" policy).

Third, there is no inconsistency between section 2051 and the disputed provisions of section 2071. The former section states that "the measure of indemnity . . . is the expense to the insured of replacing the thing lost or injured in its condition at the time of the injury, . . ." Thus, if the insurer is only obligated to pay the expense of repairing or replacing the building in its condition at the time of the fire, it follows that it is not obligated to pay for structural changes required by building laws which were changed or adopted after the building was constructed. Accordingly, the provision of section 2071 which disallows such additional costs is in harmony rather than in conflict with section 2051. Section 2071 removes any uncertainty as to the meaning of replacement expense.

Fourth, even if we assume, *arguendo*, that the challenged provision of section 2071 is inconsistent with section 2051, the former would control under the well established rule that the specific provision of a statute controls over general provisions (*Hartford Acc., etc. Co.* v. *City of Tulare*, 30

Cal.2d 832 [186 P.2d 121]). Furthermore, section 2071 was adopted by the Legislature latest in point of time and, insofar as it is inconsistent with section 2051, it repeals that section by implication.

Finally, respondents' contention that the challenged provision was inserted in section 2071 to take care of partial losses in connection with "valued" policies, presumably because such losses are not otherwise covered by the Insurance Code, is untenable. Under sections 2054 and 2056 the insurer, under a "valued" policy, shall pay the insured "the full amount of the partial loss" unless the parties have otherwise agreed in the insurance policy. In addition, if the parties cannot agree as to the amount of a loss under section 2071, the disagreement may be resolved by the selection of appraisers and ultimately by arbitration. Thus, it is clear that there are ample provisions in the Insurance Code to take care of partial losses under a "valued" policy without resorting to the challenged provision of section 2071.

Respondents' remaining contention that the challenged provision of section 2071 applies only to changes in state or local building laws which occurred after the insured building was constructed but before the insurance policy is purchased is entirely without merit for the reasons set forth above and no further comment is necessary.

The judgment is reversed.

Conley, P. J., and Stone, J., concurred.