[No. A046133. First Dist., Div. Four. June 5, 1990.]

LOCKE McCORKLE et al., Plaintiffs and Appellants, v.
STATE FARM INSURANCE COMPANY et al., Defendants and
Respondents.

**COUNSEL**

Louis Licht for Plaintiffs and Appellants.

Sarrail, Lynch & Hall and Linda J. Lynch for Defendants and Respondents.

**OPINION**

**CHANNELL, J.**—Appellants Locke and Sumire McCorkle sued respondents State Farm Insurance Company and agent Don R. Trudeau, alleging contract and tort causes of action. The trial court granted State Farm and Trudeau summary judgment on the contract cause of action and judgment on the pleadings on the tort claims. The McCorkles appeal, challenging both trial court rulings. We affirm the judgment.

## I. FACTS

Appellants Locke McCorkle and Sumire H. Jacobs, also known as Sumire McCorkle, own a residence in Mill Valley. In April 1976, Jacobs obtained homeowner's insurance for the property from respondent State Farm Insurance Company through its agent, respondent Don R. Trudeau. Trudeau assured Jacobs that the policy provided full coverage for the residence.

In May 1986, while the policy was still in effect, a garage attached to the residence was completely destroyed by fire. The original garage had a wooden floor, but when the McCorkles investigated rebuilding it, Mill Valley officials advised them that the replacement floor must be constructed of cement, requiring additional foundational support. The cost of rebuilding the garage with a wooden floor was $29,350, while the cost of constructing a garage that satisfied the new building code was $58,448. State Farm agreed to pay the McCorkles $29,350, but refused to pay the additional costs.

In December 1986, the McCorkles sued State Farm and Trudeau for breach of contract. They later amended their complaint to allege tort causes of action for fraudulent misrepresentation, negligence, and breach of fiduciary duty. State Farm and Trudeau moved for summary adjudication and summary judgment on the contract cause of action. The trial court granted these motions; it later denied a motion for reconsideration of its order granting summary judgment. (See Code Civ. Proc., § 1008.) State Farm and Trudeau then moved for judgment on the pleadings on the remaining tort causes of action; the trial court granted the motion without leave to amend. ▮▮▮▮ The McCorkles appeal from the subsequent judgment.[1]

## II. SUMMARY JUDGMENT

▮▮ First, the McCorkles contend that the trial court erred in granting State Farm and Trudeau summary judgment on the breach of contract

---

[1] In May 1989, the McCorkles filed a notice of appeal from the trial court's orders granting summary judgment and judgment on the pleadings. They did not obtain a judgment. As the orders appealed from were nonappealable, we dismissed the appeal in April 1990. The following month, the McCorkles obtained a judgment and we granted their petition for rehearing. Although the May 1989 notice of appeal purports to appeal from the orders granting summary judgment and judgment on the pleadings, we may treat a notice of appeal from a nonappealable order as an appeal from a later final judgment by deeming the notice of appeal filed before judgment as filed immediately after entry of judgment. (*Prison Law Office* v. *Koenig* (1986) 186 Cal.App.3d 560, 564, fn. 4 [233 Cal.Rptr. 590] [summary judgment]; see Cal. Rules of Court, rule 2(c).) Accordingly, we deem the May 1989 notice of appeal to be a premature appeal from the May 1990 judgment.

cause of action. In May 1986, the loss settlement clause of the contract of insurance provided that if the property was destroyed, State Farm would pay "the replacement cost of that part of the building damaged for equivalent construction and use on the same premises . . . . " The trial court ruled that this provision of the policy was unambiguous. It also found that the replacement of a wooden floor with a concrete one resulting in a 100 percent increase in the replacement cost did not constitute "equivalent construction" within the meaning of this clause.

■ State Farm argues that we must uphold the trial court unless we find that it has abused its discretion. This misstates the standard of review on appeal from a summary judgment. ■ A trial court properly grants a motion for summary judgment if there is no triable issue of material fact and the moving parties are entitled to judgment as a matter of law. (*Alarcon v. Murphy* (1988) 201 Cal.App.3d 1, 4 [248 Cal.Rptr. 26]; see Code Civ. Proc., § 437c, subd. (c).) ■ The interpretation of an insurance policy presents a question of law. (*Morris v. Atlas Assurance Co.* (1984) 158 Cal.App.3d 8, 12 [204 Cal.Rptr. 95].) We are not bound by the trial court's interpretation of the policy, but must interpret it anew.

Applying this legal standard on appeal, our conclusion is identical to that of the trial court. The McCorkles contend that the loss settlement clause is ambiguous. ■ "A contract is ambiguous when, on its face, it is capable of two different reasonable interpretations [citation]." (*United Teachers of Oakland v. Oakland Unified Sch. Dist.* (1977) 75 Cal.App.3d 322, 330 [142 Cal.Rptr. 105].) We find that the language of the loss settlement clause is not reasonably susceptible of more than one construction. Therefore, it is not ambiguous.

■ We also agree with the trial court's construction of the loss settlement clause. California's Standard Form Fire Insurance Policy provides that recovery may not exceed "the amount which it would cost to repair or replace the property with material of like kind and quality . . . ." (Ins. Code, § 2071.) A California court has ruled that this provision does not require an insurer to provide the insured with a structurally more valuable building than was destroyed, even if the structural improvements are required to bring the replacement structure into compliance with changed building codes. (See *Breshears v. Indiana Lumbermens Mut. Ins. Co.* (1967) 256 Cal.App.2d 245, 246-249 [63 Cal.Rptr. 879].) The "like kind and quality" language is substantially similar to the "equivalent construction" language of the McCorkles' policy. Therefore, we are satisfied that the same limitation on coverage applies to the State Farm policy.

This conclusion is consistent with the purpose of fire insurance—to compensate for the actual loss sustained, not to place the insured in a better

position than he or she was before the fire. (*Breshears* v. *Indiana Lumbermens Mut. Ins. Co.*, *supra*, 256 Cal.App.2d at p. 248.) It is also consistent with the plain meaning of the policy language. ■ Black's Law Dictionary defines "equivalent" as "[e]qual in value, force, measure, volume, power, and effect or having equal or corresponding import, meaning or significance; alike, identical." (Black's Law Dict. (5th ed. 1979) p. 486, col. 1.) ■ A garage with a cement floor costing almost twice as much as one with a wooden floor is not "equal in value" nor is it "identical" to the insured structure that was destroyed in May 1986. The fact that the McCorkles would prefer a garage with a wooden floor does not make it less "valuable" than a garage with a cement floor. The loss settlement clause establishes the *cost* that State Farm will pay to its insureds. Therefore, it is reasonable to construe that "equivalent construction" refers to the *cost* of reconstructing a covered structure, not its aesthetic *value* to the insureds. Given the significant cost difference, a cement-floored garage is not "equal in value" to a wood-floored structure under the terms of the loss settlement clause.

State Farm acted in accordance with its contractual obligations. Therefore, neither it nor its agent Trudeau can be found to have breached the contract. The trial court had no choice but to grant summary judgment on the contract cause of action. (Code Civ. Proc., § 437c, subd. (c); *Leach* v. *Home Savings & Loan Assn.* (1986) 185 Cal.App.3d 1295, 1304 [230 Cal.Rptr. 553].)[2]

### III. JUDGMENT ON THE PLEADINGS

■ The McCorkles also contend that the trial court erred in granting judgment on the pleadings on the tort causes of action—fraudulent misrepresentation, negligence, and breach of fiduciary duty. In May 1986, the policy provided that State Farm would not insure any coverage for loss which would not have occurred in the absence of the enforcement of an ordinance regulating the construction of a structure. The amended complaint alleged three tort causes of action based on Trudeau's failure to advise Jacobs and McCorkle of the existence of this clause and of the possibility of eliminating it for an additional premium. The trial court found that this clause was ambiguous, and refused to grant summary judgment for State Farm and Trudeau on the basis of the exclusion clause. However, the

---

[2] In light of this conclusion, we need not determine whether the trial court's ruling on the policy's exclusion clause was correct. We review the trial court's ruling, not the reasons it gave for that ruling. (*Davey* v. *Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117]; *Constance B.* v. *State of California* (1986) 178 Cal.App.3d 200, 211 [223 Cal.Rptr. 645]; see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 259, p. 266.)

court found that summary judgment was proper on the basis of the loss settlement clause. (See pt. II, *ante.*)

When ruling on the motion for judgment on the pleadings, the trial court found that Trudeau's failure to disclose the exclusion could not constitute fraudulent misrepresentation because the limitations on the McCorkles' reimbursement flowed from the loss settlement provision, not from any purported exclusion. Following the same reasoning, it found that Trudeau's failure to make such a disclosure could not constitute negligence or breach of fiduciary duty. When granting judgment on the pleadings, the court noted that the McCorkles did not allege that Trudeau prepared any proposal—either true or false.

■ On appeal, the standard of review for a judgment on the pleadings is the same as that for a judgment following the sustaining of a demurrer. We look only to the face of the pleading under attack. All facts alleged in the complaint are admitted for purposes of the motion and we must determine whether these facts constitute a cause of action. (*Hughes* v. *Western MacArthur Co.* (1987) 192 Cal.App.3d 951, 954-955 [237 Cal.Rptr. 738].)
■ Applying this standard of review, we find that the trial court's analysis was correct. The McCorkles' lack of coverage for the full cost of rebuilding their garage derives from the loss settlement clause. (See pt. II, *ante.*) It does not flow from the policy's exclusion clause which forms the basis of each tort cause of action. As a matter of law, the McCorkles cannot establish causation—that their damage resulted from Trudeau's alleged failure to advise them about the exclusion clause. Causation is an essential element of each of the three tort causes of action. (See Civ. Code, § 3333 [breach of fiduciary duty]; *Sagadin* v. *Ripper* (1985) 175 Cal.App.3d 1141, 1160 [221 Cal.Rptr. 675] [negligence]; *Barbara A.* v. *John G.* (1983) 145 Cal.App.3d 369, 376 [193 Cal.Rptr. 422] [fraud].) Therefore, the trial court properly granted the motion for judgment on the pleadings.

The judgment is affirmed.

Anderson, P. J., and Poché, J., concurred.

Appellants' petition for review by the Supreme Court was denied August 15, 1990.