# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| LORETTA LESURE, a single woman, | No. 48045-0-II |
| Appellant, | |
| v. | |
| FARMERS INSURANCE COMPANY OF WASHINGTON, a domestic corporation and a Washington State Stock Insurer, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, J. — Loretta Lesure appeals the trial court's order granting Farmers Insurance Company of Washington's (Farmers) motion for summary judgment, finding Farmers did not owe additional benefits to Lesure for fire damage to her home. The trial court concluded that as a matter of law, Lesure's policy did not cover the total cost of fire-loss house repairs that included, in part, costs for changed building code requirements. We agree and affirm.

## FACTS

The facts are primarily undisputed. Lesure's Port Angeles home was partially damaged by fire. The home was insured by Farmers. Coverage A of the insurance policy covered the cost to repair or replace the insured's dwelling up to a policy limit of $112,000.00.[1] The policy, however,

---

[1] The policy states that under Coverage A:

No. 48045-0-II

excludes "direct or indirect loss" resulting from the "[e]nforcement of any ordinance or law regulating construction, repair or demolition of a building or other structure, unless endorsed by this policy."[2] Clerk's Papers (CP) at 129. Lesure purchased an optional endorsement for coverage of building code and ordinance upgrades with a liability limit of "10% of the total limit of insurance applying to the covered property."[3] CP at 144. The policy limit for the optional coverage was $11,200.00.

---

We cover:
1. The dwelling, including attached structures, on the **residence premises** and used principally as a private residence.
2. Material and supplies on or adjacent to the **residence premises** for use in construction, alteration or repair of the dwelling or other structures on the **residence premises**.
Wall-to-wall carpeting attached to the dwelling is part of the dwelling.

CP at 125.

[2] The policy states:

We do *not* cover direct or indirect loss from:
1. Enforcement of any ordinance or law regulating construction, repair or demolition of a building or other structure, unless endorsed to this policy.

CP at 129.

[3] The endorsement states:

Under **Section I — Property, Losses Not Insured** or **Losses Not Covered**, the following exclusion is deleted:

Enforcement of any ordinance or law regulating construction, repair or demolition of a building or other structure, unless endorsed on this policy.
Under **Section I — Property, Additional Coverages**, the following coverage is added:

Replacement costs for the partially fire-damaged home totaled $22,248.25 (less Lesure's $500 deductible). Because the home failed to comply with current building code requirements, the city of Port Angeles required that the home be rebuilt to construction code. Specifically, the home needed a foundation. Lesure estimates the cost to rebuild her home with the code required updates to be $125,397.12. Farmers tendered $21,748.25 for repairs related to the fire damage, plus $11,200.00 for repairs related to code compliance, which was the coverage limit.

Lesure rejected Farmers' offer and requested the full policy limit of $112,000.00 plus an additional 10 percent under the optional building ordinance or law endorsement, totaling $123,200.00 to demolish and rebuild her home to current code. Farmers denied her request.

Lesure filed a complaint for declaratory relief and damages. Lesure requested declaratory judgment arguing the efficient proximate cause (EPC) rule required Farmers to pay the full policy limit.

Farmers filed a motion for partial summary judgment, arguing it fulfilled its obligations under the policy by offering payment for the property damage plus an extra 10 percent of her maximum policy limit under her optional endorsement. The trial court granted Farmers' request for partial summary judgment, finding Farmers owed no additional benefits under the coverage

---

1. Our limit of liability for this coverage will not be more than 10% of the total limit of insurance applying to the covered property under Coverage A—Dwelling or Coverage B—Separate Structures, shown in the declarations or premium notice, whichever is most recent at the time of loss. This endorsement applies to all coverages whether in the policy contract or subsequently added by endorsement.

CP at 144.

No. 48045-0-II

terms of the policy; denied Lesure's request for declaratory judgment; and dismissed with prejudice Lesure's action. Lesure appeals.[4]

## ANALYSIS

A. STANDARD OF REVIEW

We review a superior court's order on summary judgment in a declaratory judgment action de novo. *Internet Cmty. & Entm't Corp. v. Wash. State Gambling Comm'n*, 169 Wn.2d 687, 691, 238 P.3d 1163 (2010). Summary judgment is appropriate if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. CR 56(c).

Interpretation of an insurance policy is a question of law we review de novo. *Woo v. Fireman's Fund Ins*. Co., 161 Wn.2d 43, 52, 164 P.3d 454 (2007). Because insurance policies are construed as contracts, the policy terms are interpreted according to contract principles. *Weyerhaeuser Co. v. Commercial Union Ins. Co*., 142 Wn.2d 654, 665, 15 P.3d 115 (2000). The policy is considered as a whole, and is given a "'fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.'" *Id*. at 666 (quoting *Am. Nat'l Fire Ins. Co. v. B & L Trucking & Constr. Co.*, 134 Wn.2d 413, 427, 951 P.2d 250 (1998)). If the language is clear, the court must enforce the policy as written and may not create ambiguity where none exists. *Quadrant Corp. v. Am. States Ins. Co*., 154 Wn.2d 165, 171, 110 P.3d 733 (2005). "[T]he expectations of the insured cannot override the plain language of the contract." *Id*. at 172.

---

[4] The parties stipulated to the dismissal of all other potential coverage claims and agreed the court's memorandum order was a final decision on the merits.

4

B.    EFFICIENT PROXIMATE CAUSE RULE

Lesure first contends the trial court erred in failing to recognize and apply the EPC rule. The EPC rule is applied in Washington to determine first-party insurance policy coverage when a single loss occurs as the result of two or more perils acting together. *Vision One, LLC v. Philadelphia Indem. Ins. Co.*, 174 Wn.2d 501, 519, 276 P.3d 300 (2012). "The efficient proximate cause rule applies *only* when two or more perils combine in sequence to cause a loss and a covered peril is the predominant or efficient cause of the loss." *Id.* (citing *McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 732, 837 P.2d 1000 (1992)) (emphasis added). "In such a situation, the efficient proximate cause rule mandates coverage, even if an excluded event appears in the chain of causation that ultimately produces the loss." *Vision One,* 174 Wn.2d at 519 (citing *Safeco Ins. Co. of Am. v. Hirschmann*, 112 Wn.2d 621, 628, 773 P.2d 413 (1989)).

Here, the facts in *Allemand v. State Farm Insurance Companies*, 160 Wn. App. 365, 248 P.3d 111 (2011), are very similar to our facts. In *Allemand*, fire damaged the Allemands' home. The Allemands' policy with State Farm covered damage due to fire plus an optional endorsement for coverage of "increased costs resulting from enforcement of any ordinance or law." 160 Wn. App. at 367. The optional coverage provided an additional sum equal to 10 percent of the policy maximum. *Id.* After a fire damaged their home, the Allemands learned their home would have to meet building codes. Specifically, their home needed a foundation, crawl space, and updated electrical wiring. *Id.* They requested the full policy limit plus an extra 10 percent for these repairs. State Farm rejected their demand, and the Allemands filed a complaint for declaratory judgment. The court held that "Coverage A is to provide 'similar construction' in rebuilding the home . . . [and] does not include paying for required code upgrades." *Id.* at 373. The court further held that

the sole source of coverage for bringing the remodeled home up to code was the optional coverage and that coverage had a policy limit of 10 percent of the Coverage A policy limit. *Id.* In a footnote, the court noted, "[T]he Allemands' argument that the policy conflicts with [the EPC] rule is without merit." *Id*. at 372 n.2.

Similarly here, Lesure's EPC rule argument is without merit. The rule "applies only when two or more perils combine in sequence to cause a loss and a *covered peril* is the predominant or efficient cause of the loss." *Vision One*, 174 Wn.2d at 519. "When . . . the evidence shows the loss was in fact occasioned by only a single cause, . . . the efficient proximate cause analysis has no application." *Kish v. Ins. Co. of N. Am.*, 25 Wn.2d 164, 170, 883 P.2d 308 (1994) (quoting *Chadwick v. Fire Ins. Exch*., 17 Cal. App. 4th 1112, 1117, 21 Cal. Rptr. 2d 871 (1993)). The *Kish* court elaborated, "An insured may not avoid a contractual exclusion merely by affixing an additional label or separate characterization to the act or event causing the loss." (quoting *Chadwick*, 17 Cal. App. 4th at 1117).

There is no uncovered peril here. Fire is the only cause of loss. Non-compliance with a city's building code is not a peril. There is no chain of events. Thus, the EPC rule does not trigger coverage for additional repair costs due to building code violations other than what is allowed under the building ordinance or law endorsement.[5]

---

[5] The United States District Court for the Western District of Washington recently held likewise in an unpublished opinion. *Certain Underwriters at Lloyds, London v. Allen*, 2015 WL 4094350, at \*4 (W.D. Wash. July 7, 2015). Farmers cites this case in its response brief. Washington's former General Rule 14.1(b) permits parties to cite unpublished decisions from non-Washington jurisdictions if that jurisdiction permits citation to the decision. Federal courts permit citation to unpublished decisions issued on or after January 1, 2007. FRAP 32.1. But, former GR 14.1(b) required the party citing an unpublished decision to "file and serve a copy of the opinion with the

Next, Lesure contends the insurance policy effectively circumvents the EPC rule because the entire fire loss would be covered if Lesure did not purchase optional coverage, making the optional building ordinance or law endorsement coverage illusory. We disagree because the EPC rule simply does not apply in this case. There is no chain of covered and uncovered peril to warrant further discussion or speculation of the EPC rule on an optional endorsement.

C. DECLARATORY JUDGMENT

Lesure next contends the trial court erred by dismissing her action because the policy language for the building ordinance or law endorsement is ambiguous. She contends the term "Additional Coverages" can be interpreted as meaning additional to the maximum policy limit (including code upgrade costs) or additional solely to the repair costs (excluding code upgrade costs). CP at 109. Lesure urges this court to interpret the policy as permitting recovery of the building ordinance or law endorsement limit of $11,200.00 in addition to the $112,000.00 policy limit, for a total of $123,200.00. We disagree.

A similar policy was discussed at length in *Allemand*, where the court addressed "nine decades" of Washington law involving comparable policies. 160 Wn. App. at 366. The *Allemand* court held that replacement costs for like construction and use of a structure do not include costs of upgrading a structure to meet building codes that it did not previously meet. 160 Wn. App. at 372; *see also Dombrosky v. Farmers Ins. Co. of Wash.*, 84 Wn. App. 245, 259, 928 P.2d 1127 (1996) (holding that coverage for "equivalent construction" did not include building code

brief or other paper in which the opinion is cited." Farmers failed to include the required copy; therefore, this opinion does not address *Allen*. As a side note, amendments to GR 14.1 took effect September 1, 2016, but the changes have no impact on this opinion.

upgrades), *review denied*, 131 Wn.2d 1018 (1997); *Roberts v. Allied Grp. Ins. Co.*, 79 Wn. App. 323, 325, 901 P.2d 317 (1995) (holding that coverage for "like construction" did not include building code upgrades). For Lesure to reach the Coverage A maximum, the code upgrade costs would have to be covered under Coverage A. They are not.

Moreover, in *Vision One*, our Supreme Court held that an extraexpense endorsement (additional coverage for soft costs including loan interest, property taxes, and accounting and legal fees) was limited to the endorsement amount and was not "designed to provide an additional $1 million for the specified . . . losses in the event the $12.5 million [policy] limit was exhausted." 174 Wn.2d at 522.

Based on the above authority, the policy language is clear and unambiguous. Farmers' original obligation under Coverage A is to provide similar construction in rebuilding the partially damaged home. This does not include paying for required code upgrades. Instead, the policy provides for necessary code upgrades by the optional endorsement. The endorsement is the sole source of the obligation to pay for bringing the remodeled home up to code. The coverage, however, is limited to 10 percent of Coverage A that Lesure purchased. The necessary upgrades required more than that figure and Farmers, accordingly, properly tendered its limits under that coverage. Farmers was not required to pay the full policy limits plus an extra 10 percent as alleged by Lesure.

No. 48045-0-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Johanson, J.

_____
Bjorgen, C.J.